### EMERSON v. KNAPP.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. CHATTEL MORTGAGES (§ 43*)—FORM OF INSTRUMENT—STATEMENT IN NOTE.

A clause in a note, "One black horse named Bill is holding until this note is paid," was intended to give the payee a lien upon the horse for the payment of the note, and was, in effect, a chattel mortgage as between the parties.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 83; Dec. Dig. § 43.*]

2. CHATTEL MORTGAGES (§ 269*)—FORECLOSURE.

While there might have been a formal foreclosure of the lien for the collection of the note, a simple action thereon was proper, and an execution issued on a judgment for plaintiff thereon could be levied upon the horse, and the lien thus enforced.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 553; Dec. Dig. § 269.*]

3. EXEMPTIONS (§ 94*)—WAIVER—LIEN.

When the maker of the note gave the lien on the horse, he waived any right he might otherwise have had to claim exemption of the horse from any process of the court seeking to apply the proceeds of the sale thereof to payment of the note.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 118; Dec. Dig. § 94.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Yates County Court.

Action by Fred Emerson against Delmar J. Knapp. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. A. Leary, for appellant.

Huson & Lincoln, for respondent.

WILLIAMS, J. The judgment of the County Court should be affirmed, with costs.

The action was brought to recover damages for the conversion of a horse, which was claimed to be exempt from levy and sale on execution, but which the defendant as sheriff of Yates county levied upon and sold under a judgment and execution against this plaintiff. The judgment sought to be enforced by the execution was recovered upon a note for $50 made by this plaintiff, which was in the ordinary form, except that it contained this clause, "One black horse named Bill, is holding until this note is paid." This was the same horse sold by the sheriff for the conversion of which this action was brought.

The only question involved in this appeal is whether by the clause in the note, above referred to, the right of exemption, which would otherwise exist as to this horse, was waived, barred, or lost. The County Court held the clause in the note constituted a chattel mortgage between the parties, and the maker of the note was thereby estopped from claiming exemption for the horse. The giving of the note for a valid consideration was settled in the action thereon, and cannot be again litigated here. The clause with regard to the horse therein contained was clearly intended to give the payee a lien upon the horse for the payment of the note, in effect, between the parties, a chattel mortgage. There might have been a formal foreclosure of the lien for the collection of the note, but a simple action was proper, and, when judgment was recovered in that action and an execution issued and levied upon the horse, the end sought was the enforcement of the lien for the payment of the debt secured. When the debtor gave the lien upon the horse, he, in effect, waived any right he might otherwise have to claim exemption of the horse from any process of the court which sought to apply the proceeds thereof to the payment of the note. The debtor by creating the lien was estopped from asserting the exemption. See McMahon v. Cook, 107 App. Div. 150, 94 N. Y. Supp. 1018 (Fourth Department). The lien would not have been effectual, if the debtor might nevertheless claim the exemption. The County Court very properly reversed the judgment of the Justice's Court. Any other result in the case would be based upon technicalities, and would defeat substantial justice between the parties.

We do not consider the claim of duress and blackmail alleged to have entered into the inception of the note, because that question is not properly here. The former action was a complete adjudication of all such questions which related to the validity and consideration of the note, as already stated. All concur.