In the Matter of the Application of BROOKLYN LOAN CORPORATION, Petitioner, Appellant, for an Order Compelling the Collection of the Amount Due on a Judgment Out of Household Furniture and Other Personal Property of a Judgment Debtor, against SAMUEL GROSS, as a City Marshal of the City of New York, Respondent.

Second Department, March 18, 1940.

*Raphael H. Weissman,* for the appellant.

*Morris E. Packer,* for the respondent.

PER CURIAM. Petitioner, a personal loan corporation operating under the Banking Law, loaned to one John Belfiore, a widower, $200, evidenced by his promissory note. As security for the loan Belfiore executed and delivered to petitioner a chattel mortgage covering his household furniture. Upon default in payment of the loan petitioner obtained judgment against Belfiore in the Municipal Court of the City of New York for $142.21. Subsequently petitioner delivered to the respondent, a city marshal, an execution against Belfiore's personal property, tendered the marshal's fees and requested him to collect the amount due out of

Belfiore's household furniture. The marshal refused to levy, claiming the furniture was exempt under the statute. (Civ. Prac. Act, § 665, subd. 7.) Petitioner thereupon moved in the Supreme Court for an order directing the marshal to levy upon and sell the household furniture under the execution. The motion was denied, and petitioner appeals.

We assume, as do the parties, that Belfiore was a householder, entitled to the benefit of the exemption to the amount specified in the statute. In the absence of a statute permitting him to do so, a householder may not consent to waive the exemption because such exemption rests upon public policy, and " The law was designed to protect him against his own improvidence in giving such consent." (*Kneettle* v. *Newcomb*, 22 N. Y. 249, 250. See, also, *Pope Mfg. Company* v. *Gormully*, 144 U. S. 224, 233 *et seq.*) In our opinion the statute (Banking Law, § 356) invoked by appellant does not authorize the levy upon and sale, by virtue of an execution upon a money judgment, of exempt property which has been mortgaged by the householder to secure the debt; nor does it expressly or impliedly permit the borrower to waive the exemption. The statute, so far as material, merely provides that a chattel mortgage " on household furniture then in the possession and use of the borrower," shall not be valid " unless it is in writing, signed in person by the borrower, * * *." That the owner may mortgage property which is exempt from levy and sale upon execution cannot be doubted. But, " If the creditor, instead of foreclosing, obtains judgment upon the mortgage debt, and levies upon the property mortgaged," as was done in the instant case, " the debtor may claim his exemption." (1 Jones, Chattel Mortgages and Conditional Sales [6th ed.], § 114.) If *Emerson* v. *Knapp* (129 App. Div. 827) holds to the contrary we refuse to follow it.

The order should be affirmed, with ten dollars costs and disbursements.

LAZANSKY, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.