WYOMING COUNTY BANK & TRUST COMPANY, Also Known as
WYOMING COUNTY BANK, Appellant, v RAYMOND L. KILEY
et al., Defendants, and JEANNINE KILEY, Respondent.

Fourth Department, July 10, 1980

## APPEARANCES OF COUNSEL

*McBride & Foote (Theron Foote* of counsel), for appellant.

*Dennis R. Dawson (J. Michael Jones* of counsel), for respondent.

## OPINION OF THE COURT

CALLAHAN, J.

In this case of first impression, the issue we are called upon to resolve is whether a person sued in an action to foreclose a nonpurchase-money mortgage on his residence may claim the homestead exemption under CPLR 5206 (subd [a]).

The facts are essentially undisputed. On January 17, 1968 defendants Raymond L. Kiley and Jeannine Kiley acquired real property in the Town of Castile, Wyoming County, New York. On December 14, 1977 they executed a $13,000 collateral-security mortgage on their dwelling which was security for a nonpurchase-money debt as represented by an installment loan note to plaintiff Wyoming County Bank (the Bank). The note was cosigned by defendants, Chester Kiley and Irene Kiley, parents of Raymond L. Kiley.

When defendants defaulted in their payments, plaintiff commenced an action to foreclose the mortgage. Defendant Jeannine Kiley, the only defendant then residing at subject premises, appeared through an attorney and simultaneously filed a notice of exempt property, claiming the homestead exemption under CPLR 5206, (subd [a]). Plaintiff Bank moved to declare the homestead exemption subordinate to its lien. County Court held that the Bank's mortgage was subject and subordinate to the homestead exemption of the defendant Jeannine Kiley. We cannot agree.

CPLR 5206, entitled "Real property exempt from application to the satisfaction of money judgments", in subdivision (a) thereof, entitled "Exemption of homestead", provides:

"Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

"1. a lot of land with a dwelling thereon,

"2. shares of stock in a cooperative apartment corporation, or

"3. units of a condominium apartment.

"But no exempt homestead shall be exempt from taxation or from sale for non-payment of taxes or assessments."

The "homestead" exemption contained in CPLR 5206 (subd [a]), derived from sections 671 and 673 of the Civil Practice Act, has long been recognized (see *Robinson v Wiley,* 15 NY 489; Third Preliminary Report of the Advisory Committee on Practice and Procedure, 1959, pp 119-120). Although the "homestead" caption is archaic, the exemption in substance was significantly updated in 1977 (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5206:1, pp 142-143). The 1977 amendments to CPLR 5206 (L 1977, ch 181) modernized the homestead exemption by specifying three distinct and enumerated types of property which qualify for the exemption; by increasing the maximum amount of the exemption from $2,000 to $10,000; and by deleting the provisions requiring a judgment debtor to file a notice or conveyance with the county clerk in order to claim the exemption (see Memorandum, NY Legis Ann, 1977, pp 121-123). This statute is designed to protect the homeowner against seizure of his dwelling to satisfy a money judgment; additionally it protects his dwelling in the event of bankruptcy. It places creditors (other than purchase mortgage creditors, to whom the exemption does not apply) on notice that the statute provides certain protection to homeowners. Consequently they are aware of the limitations in looking to the borrower's principal dwelling for satisfaction of money judgments.

The right of a debtor to hold his property, or any part of it, free from the claims of creditors is not a common-law right, but rather a statutory one. It is a privilege—a grace or favor dependent on the will of the State and granted on grounds of public policy for a humane and generous purpose (22 NY Jur, Exemptions, § 1). Exemption, therefore, is not a vested right, but one the validity of which is to be determined, in most instances, by the conditions which exist at the time the privilege is claimed. The homestead exemption delineated in CPLR 5206 (subd [a]) depends on the nature of the proceedings to seize property for debt enforcement purposes (see 22 NY Jur, Exemptions, § 2). CPLR 5206 (subd [a]) by its express

terms applies to proceedings involving "the satisfaction of a money judgment" and to no other proceeding.

Heretofore, it has been recognized that the holder of a bond and mortgage has a choice of two remedies: he may proceed at law to bring an action on the debt as evidenced by the note (or bond) or he may proceed at equity by bringing an action to foreclose the mortgage *(Copp v Sands Point Marina,* 17 NY2d 291, 293; *Seamen's Bank for Sav. in City of N. Y. v Smadbeck,* 293 NY 91, 95). The note represents the primary personal obligation of the mortgagor while the mortgage is merely the security for such obligation *(Copp v Sands Point Marina, supra,* p 293). The creditor in a mortgage transaction has the choice of two remedies, pursuing either the land or the borrower (Marks, Maloney & Paperno, Mortgages and Mortgage Foreclosure in New York [rev ed], p 209). Under section 1301 of the Real Property Actions and Proceedings Law, the mortgagee, however, must make an election as to which remedy he will pursue and cannot prosecute the two actions concurrently *(French v French,* 107 App Div 107, 109, app dsmd 185 NY 532). For this reason, section 1301 of the Real Property Actions and Proceedings Law proscribes a mortgagee of real property from seeking to enforce rights upon default by pursuing a legal remedy and an equitable remedy at the same time.

A mortgage is recognized to be a lien remedy. The foreclosure of the mortgage is the legal process for realizing upon the lien *(Sautter v Frick,* 229 App Div 345, 346, affd 256 NY 535). The principal form of mortgage enforcement is the equitable action to foreclose *(Notey v Darien Constr. Corp.,* 41 NY2d 1055). Thereby the encumbered property is sold under the supervision and control of the court and the proceeds of sale applied to the satisfaction of the mortgage lien (Marks, Maloney & Paperno, Mortgages and Mortgage Foreclosure in New York [rev ed], p 219). Such an action does not result in a "money judgment" within the purview of the homestead exemption provisions of CPLR 5206 (subd [a]).

■■ Where, on the other hand, a creditor, instead of foreclosing, elects to proceed at law to obtain a judgment upon the mortgage debt, he is then subject to the statutory restrictions which direct that where a judgment is recovered for all or part of the mortgage debt, the execution shall direct that no part of the mortgaged property shall be levied upon or sold

thereunder (CPLR 5230, subd [a]; 5236, subd [b]).* The right to execute the judgment is limited to other real and personal property of the judgment debtors *(Goddard v Johnson,* 96 Misc 2d 230, 231).

■ Thus, a mortgage-secured creditor has a choice of remedies which he may employ in the event of default by the borrower, the equitable action of foreclosing the mortgage or the legal action of reducing the claim to judgment. In the instant case, the mortgagee Bank did not seek to reduce its claim to a money judgment, rather, it elected to institute an action to foreclose its mortgage. Both CPLR article 52 dealing with the enforcement of money judgments and article 13 of the Real Property Actions and Proceedings Law dealing with actions to foreclose a mortgage are legislative enactments and relate to distinct concerns without inherent incompatibility. Accordingly, when a mortgage-secured creditor commences an equitable action to foreclose its mortgage, the action does not result in a "money judgment"; and therefore the homestead exemption of CPLR 5206 (subd [a]) does not exempt the debtor's homestead from a mortgage foreclosure sale.

■■ The Court of Appeals has recently held that a debtor may execute a mortgage upon personal property exempt form application to the satisfaction of a money judgment pursuant to CPLR 5205 (subd [a]) and thus create a lien which may be foreclosed despite the property's exempt status *(Matter of State of New York v Avco Fin. Serv. of N. Y.,* 50 NY2d 383). Therein, the court stated (pp 387-388): "It is well recognized * * * that simply because the law exempts such property from levy and sale upon execution by a judgment creditor does not mean that the exemption statute was intended to serve the far more paternalistic function of restricting the freedom of debtors to dispose of these possessions as they wish * * * No statute precludes exempt property from being sold; nor is there any which expressly interdicts the less drastic step of encumbering such property." The same rationale applies with equal force to the instant case dealing with the homestead exemption under CPLR 5206 (subd [a]). Nothing in the law

---

* [2] The rule is otherwise with respect to *personal* property exempt from application to the satisfaction of money judgments pursuant to CPLR 5205 (subd [a]). While an owner may mortgage personal property which is exempt from levy and sale upon execution, the debtor may claim his exemption if the creditor, instead of foreclosing, obtains a judgment upon the mortgage debt and levies upon the mortgaged property *(Matter of Brooklyn Loan Corp. v Gross,* 259 App Div 165, 166; 22 NY Jur, Exemptions, § 61).

forbids a debtor from executing a nonpurchase-money mortgage on his residence to secure repayment of a just indebtedness and thus create a lien which may be foreclosed despite the property's exempt status under the homestead statute.

This result is not only mandated by law, but is supported by sound practical considerations. As the County Court acknowledged in its memorandum decision, holding a mortgage lien subordinate to the homestead exemption would create great practical difficulties. Real property bail bonds would become almost nonexistent as the bond would only attach to the equity of the bondsman beyond the liens and the $10,000 homestead exemption. Lending institutions would likewise refuse to make second mortgages available to people seeking loans for such things as home improvements and financing their children's education. Furthermore, inasmuch as the statute exempts from execution the principal residence of a debtor, not exceeding $10,000 in value "above liens and encumbrances", it would be anomalous to include the balance owing on the nonpurchase-money mortgage (approximately $13,000 in the instant case) in determining the debtor's equity in the property and then to allow the debtor to claim that the homestead exemption has precedence over such mortgage.

Accordingly, the judgment should be reversed and judgment entered in favor of plaintiff.

SIMONS, J. P., HANCOCK, JR., SCHNEPP and MOULE, JJ., concur.

Judgment unanimously reversed, on the law, without costs, and judgment entered in favor of plaintiff, in accordance with opinion by CALLAHAN, J.