■ First National Bank of Glens Falls, Respondent, v G. F. Clear, Inc., et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Dier, J.), entered October 13, 1983 in Warren County, which amended a prior judgment of foreclosure and sale in favor of plaintiff. ¶ The underlying facts of this action to foreclose a mortgage may be found in our previous decision in *First Nat. Bank v G.F. Clear, Inc.* (93 AD2d 925), where we determined that an auction sale of defendants' corporate properties was commercially reasonable and that defendants were in default on their mortgage loan. The matter was remitted on the deficiency judgment. Plaintiff's August 4, 1983 motion for the entry of a judgment of foreclosure and sale based upon defendants' default in appearance was granted August 15, 1983. Defendants moved on August 18, 1983 by order to show cause for an order reopening

---

[*] Petitioner Joseph Welsh apparently has now reached the age of majority.

the default judgment and reconsideration of defendants' opposition. By order of October 7, 1983, Special Term reopened the judgment dated August 15, 1983 and, upon reopening, amended the judgment only to the extent of striking the decretal paragraph which granted plaintiff judgment against defendants G. F. Clear, Inc., and Gerald Clear for $60,786.47 with interest. Defendants have appealed from this order. ¶ There should be an affirmance. Procedurally, we deem the appeal from the order of October 7, 1983, amending the judgment of foreclosure and sale dated August 15, 1983, as properly presenting the merits of that judgment. We find totally without merit defendants' principal contention that foreclosure is barred due to plaintiff's election to seek both a money judgment and foreclosure of the mortgage (see RPAPL 1301; *Wyoming County Bank & Trust Co. v Kiley,* 75 AD2d 477). The complaint confirms that the action was in equity to foreclose a mortgage and not to secure a money judgment on the underlying debt (see Siegel, NY Prac, § 495, p 671), clearly demonstrating there has been no election of remedies sufficient to preclude the instant claim for relief. Nor are defendants entitled to a homestead exemption (CPLR 5102; *Wyoming County Bank & Trust Co. v Kiley, supra,* pp 479-481). Moreover, any objections in this respect should have been raised on the initial appeal before this court where we confirmed the propriety of the foreclosure judgment (*First Nat. Bank v G. F. Clear, Inc.,* 93 AD2d 925, *supra*). It further appears that any impropriety in the judgment of August 15, 1983 was corrected by the order appealed from, which specifically deleted any judgment in excess of the principal indebtedness of $30,000 secured by the mortgage. These circumstances prevailing, and defendants not having objected to the calculation of interest due, the order should be affirmed. ¶ Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.