■ CITIBANK, N. A., Respondent, v JOSEPH A. CAMBEL, Appellant.—In a mortgage foreclosure action, the defendant Joseph A. Cambel appeals from an order of the Supreme Court, Kings County (Jones, J.), dated February 26, 1985, which denied his motion to void a foreclosure sale and permit him to assert the homestead exemption.

Order affirmed, without costs or disbursements.

The defendant, who is a former owner of the subject premises, moved to void the foreclosure sale and have it rescheduled so that he could assert the homestead exemption provided for in CPLR 5206 (a). Special Term denied the defendant's motion on the ground, *inter alia,* that the homestead exemption is not applicable to mortgage foreclosure actions.

The homestead exemption in CPLR 5206 is applicable in proceedings involving the "satisfaction of a money judgment" and to no other proceedings.

In *Wyoming County Bank & Trust Co. v Kiley* (75 AD2d 477, 481), the Fourth Department held that an action to foreclose a mortgage is an equitable action and does not result in a "money judgment" within the purview of the homestead exemption *(see also,* Siegel, 1980 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1986 Pocket Part, CPLR C5206:1, p 33).

The Third Department has cited the *Wyoming County Bank* case with approval *(see, First Natl. Bank v G. F. Clear, Inc.,* 103 AD2d 951). This court agrees with the reasoning set forth in *Wyoming County Bank & Trust Co. v Kiley (supra)* and holds, in this case, that the defendant is not entitled to the benefit of the homestead exemption in this mortgage foreclosure action. Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.