ROBERT S. MOORE, INC., et al., Plaintiffs, v KEITH B. WHIT-
TAKER et al., Defendants.

County Court, Schoharie County, February 21, 1989

### APPEARANCES OF COUNSEL

*Frank A. Decker* for plaintiffs. *Edward P. Ryan* for Keith B.
Whittaker and another, defendants.

### OPINION OF THE COURT

DAN LAMONT, J.

In this action to foreclose mechanic's liens, defendants
Whittaker claim the homestead exemption under CPLR 5206
(a). In this case of apparent first impression, this court holds
and determines that an action to foreclose a mechanic's lien
upon real property is *not* subject to the $10,000 homestead
exemption.

Defendant husband and wife own three quarters of an acre
of land in the Town of Seward, Schoharie County, upon which
is located a mobile home constituting their residence.

In October and November 1985, plaintiff Robert Moore, Inc. furnished labor and materials to construct a poured concrete foundation and footing upon defendants' property for the agreed sum of $4,480. Also in October and November 1985, plaintiff Provost Bros., Inc. furnished labor and materials to complete and drill a deep water well upon defendants' property for the agreed sum of $3,192.

On February 6, 1986, both plaintiffs filed mechanic's liens in the Schoharie County Clerk's office, which liens were thereafter in January 1987 extended by court order (Lien Law § 17). In January 1988, plaintiffs filed a lis pendens and verified complaint in the County Clerk's office, and commenced this action to foreclose their mechanic's liens by service upon defendants on March 12, 1988. Defendants filed a written answer on April 1, 1988.

On April 26, 1988, defendants filed a petition in bankruptcy, chapter 7, in the United States Bankruptcy Court, Northern District of New York. Defendants were discharged from bankruptcy by the United States Bankruptcy Court, Northern District of New York on August 25, 1988. The trustee in bankruptcy took no action with respect to defendants' real property and thereby abandoned said property when the discharge in bankruptcy was granted. The defendants listed both plaintiffs as creditors in the bankruptcy proceeding, and any personal liability of defendants thereon was discharged in bankruptcy.

The fair market value of defendants' real property is less than $20,000. Defendants' petition in bankruptcy listed the real property and mobile home as having a combined value of $16,500 as of April 26, 1988.

The defendants reside with their two children in the mobile home upon the subject property. Defendants do not use the deep well installed by plaintiff Provost on the property in 1985, nor do they use the poured concrete foundation installed by plaintiff Moore—which was constructed for a double-wide home for which defendants could not obtain financing because of their poor credit rating and numerous judgment creditors.

Plaintiffs claim no interest in defendants' mobile home, and readily concede that defendants are *not personally liable* for said debts; however, plaintiffs contend that their liens against the real property whereupon the deep well and foundation are installed and located can be foreclosed and the property sold without the $10,000 homestead exemption.

CPLR 5206 provides in applicable part as follows:

"(a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value *above liens and encumbrances,* owned and occupied as a principal residence, is exempt from application to the *satisfaction of a money judgment,* unless the judgment was recovered wholly for the purchase price thereof:

"1. a lot of land with a dwelling thereon * * *

"4. *a mobile home."* (Emphasis supplied.)

If the homestead exemption applies in this case, defendant husband and wife are entitled to an aggregate New York State homestead exemption up to a maximum of $20,000 *(see, Mather Mem. Hosp. v Pearl,* 723 F2d 193 [2d Cir 1983]).

CPLR 5206 (a) by its express terms applies to proceedings involving "the satisfaction of a money judgment" and to no other proceedings *(Wyoming County Bank v Kiley,* 75 AD2d 477 [4th Dept 1980]). Furthermore, said statute by its express terms exempts property not exceeding $10,000 in value "above liens and encumbrances".

The Appellate Division, Fourth Department, in the *Wyoming* case *(supra)* held that nothing in the law forbids a debtor from executing a nonpurchase money mortgage on his residence to secure repayment of a just indebtedness and thus create a lien which may be foreclosed despite the property's exempt status under the homestead statute *(Wyoming County Bank v Kiley, supra,* at 482). The Appellate Division, Fourth Department, recognized that holding a mortgage lien subordinate to the homestead exemption would virtually do away with second mortgages for such things as home improvements and real property bail bonds.

Professor David D. Siegel states the following in his Practice Commentary following CPLR 5206: "The broad conclusion to be drawn from the Wyoming decision is that any specific lien obtained in respect of the real property will not be subject, upon its foreclosure, to the $10,000 exemption." (Siegel, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5206, 1989 Pocket Part, at 41.)

This court holds and determines that the *Wyoming* case *(supra)* is determinative by analogy as to the issue before this court. A mechanic's lien is a creature of statute which results from the rendition of labor and materials which improve the very real property against which the lien is filed. A mechanic's lien is universally recognized as a lien remedy, and the

foreclosure of the mechanic's lien is the legal process by which the encumbered property is sold under supervision of the court and the proceeds of sale applied to the satisfaction of the lien. Such an action does *not* result in a "money judgment" within the meaning and intent of the homestead exemption in CPLR 5206 (a) *(see, Wyoming County Bank v Kiley, supra,* at 480).

In fact, the rendition of labor and materials by plaintiffs has enhanced the value of the very real property sought to be sold at foreclosure to satisfy the liens.

The same practical considerations addressed in the *Wyoming* decision *(supra)* apply. If mechanic's liens were subordinate to the homestead exemption, well drillers, roofers, carpenters, masons, electricians, and other contractors would hesitate or perhaps even refuse to furnish labor and materials for homeowners whose equity in their homes and real property did not exceed $20,000.

Furthermore, defendants in this case do retain some property as envisioned by the homestead exemption in that they may remove from the premises and keep the mobile home which is their residence. *(See,* CPLR 5206 [a] [4].)

The defendants' remaining contentions as raised at the hearing and in their memorandum of law have been carefully considered and found without merit. This court finds no defect in the service on defendants under Lien Law § 11 as it read in February 1986.

This court holds and determines that a person sued in an action to foreclose a mechanic's lien on his residence may *not* claim the homestead exemption under CPLR 5206 (a).