In re Ronald & Elizabeth **ELLERSTEIN, Debtors.**

**Bankruptcy No. 88–10141 M.**

United States Bankruptcy Court, W.D. New York.

Oct. 6, 1989.

Ralph A. Horton, Rochester, N.Y., for debtors.

John H. Heyer, Olean, N.Y., as Trustee and Atty. for Trustee.

BERYL E. McGUIRE, Chief Judge.

On January 25, 1988, Ronald and Elizabeth Ellerstein (debtors) filed a voluntary petition under the provisions of Chapter 7, Title 11 U.S.C.

Scheduled as a part of their assets was a 150 plus acre farm on White Road in Canaseraga, New York, where the debtors resided. As to that property, the debtors claimed the $20,000 homestead exemption provided by N.Y.Civ.Prac.Law (CPLR) § 5206 (McKinney 1978 & Supp.1989).

John H. Heyer, Esq., was appointed trustee and continues to serve in that capacity. He filed no objection to the aforementioned claim of exemption by the debtors. [See Bankruptcy Rule 4003(b)].

Central Trust Company (the bank) held a mortgage on approximately eight or nine acres of the debtors' farm; more specifically, on that acreage on which was located the debtors' residence and all farm buildings. Following bankruptcy, in March of 1988, the bank obtained relief from the automatic stay provided by § 362, Title 11 U.S.C. to enable it to foreclose its mortgage.

At the ensuing foreclosure sale the bank sold the property on which it had the mortgage to a Gary Bajus for $90,100. Apparently there were no surplus monies realized from that sale. However, concurrent with that sale, the trustee sold the debtors' remaining farmland to Gary Bajus for $20,-400.

On July 11, 1989, the debtors filed a "Notice of Application" seeking an order directing the trustee to pay over the funds in his hands which are claimed to represent the value of their homestead exemption.

The motion initially was heard on July 20, 1989. The final brief in the matter was received on September 28, 1989.

### I.

This is a core matter [as that term is defined by § 157(b), 28 U.S.C.] in which this Court may enter a dispositive order by virtue of a general order of reference entered in the United States District Court for the Western District of New York [pursuant to § 157(a), Title 28 U.S.C.]. The debtors' application more specifically will be treated as a contested matter brought under the provisions of §§ 554(b) and 725, Title 11 U.S.C.

### II.

The basic facts as outlined above are not in dispute.

The trustee argues that the debtors' homestead exemption either was extinguished or never existed as to the portion of the debtors' farm which was not encumbered by the bank's mortgage. The debtors argue that their claim to the homestead exemption extended to the entire farm, was not objected to, and therefore, applies to that portion of the farm which the trustee sold.

### III.

Initially, it is appropriate to examine New York's homestead exemption. In pertinent part CPLR § 5206 provides:

> (a) **Exemption of homestead.** Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
>
> 1. a lot of land with a dwelling thereon.[1]
>
> . . . .

The purpose of the statute is to protect a homeowner from seizure of his or her home to satisfy a money judgment and to protect a debtor's home in the event of bankruptcy. *Wyoming Co. Bank v. Kiley*, 75 A.D.2d 477, 479, 430 N.Y.S.2d 900, 902 (4th Dep't 1980). However, in the event of a mortgage foreclosure action (because it is a suit in equity not resulting in a "money judgment" within the meaning of the statute) the exemption does not apply. See *Wyoming Co. Bank v. Kiley*, 75 A.D.2d at 477, 430 N.Y.S.2d 900; *First Natl. Bank v. G.F. Clear, Inc.*, 103 A.D.2d 951, 479 N.Y.S.2d 802 (3rd Dep't 1984); *Citibank, N.A. v. Cambel*, 119 A.D.2d 720, 501 N.Y.S.2d 133 (2nd Dep't 1986). Moreover, the New York Courts have held that surplus monies realized in a mortgage foreclosure action are personalty and, hence, not within the ambit of CPLR § 5206. See *First Federal Sav. v. Brown*, 78 A.D.2d 119, 434 N.Y.S.2d 306 (4th Dep't 1980).

From the foregoing it would seem abundantly clear that events subsequent to the filing of a bankruptcy case may, and not infrequently will, determine a bankruptcy exemption's appropriateness and value. In a Chapter 7 context, this may be illustrated by three discrete examples:

#1 The debtors' home is subject to a mortgage which is not in default and the debtors' equity is less than the properly claimed homestead exemption.

Since the estate has no interest of value the trustee would abandon the interest and the debtors would retain the home.

#2 The debtors' interest is subject to a mortgage (whether in default or not is irrelevant in this example) and the debtors' equity is significantly more than the amount of the homestead exemption.

Here the trustee would sell the property and, while the debtors would lose the home, the debtors would receive the dollar amount of the exemption.

#3 The debtors' home is subject to a mortgage which is in default and the debtors' equity is less than the properly claimed homestead exemption.

Here, the mortgage holder would seek lift of stay, foreclose, and the trustee would claim any surplus.

Thus, it may be observed that the post-petition action or inaction of a mortgage holder, the dollar limits of the exemption, and the limited scope of the exemption all may impact not only on the appropriateness and value of a claimed exemption, but also on the degree of the estate's interest in a debtor's residential property.

### IV.

The facts here, of course, are that the foreclosure was against only a part of the

---

**1.** Note: New York has opted not to permit federal exemptions under § 522, Title 11 U.S.C., but instead has established its own exemption policy which includes CPLR § 5206. See N.Y. Debt. & Cred. Law §§ 282, 283 (McKinney Supp.1989).

original homestead [2] but it was that part on which the debtors maintained their residence. The issue is whether the New York courts in such circumstances would find any homestead rights to survive the foreclosure as to the balance of the land (this issue could arise in a non-bankruptcy context, for example, in a dispute between a debtor and a judgment lien creditor).

■ While this Court has found no New York cases addressing this specific question, the statute itself as well as those cases heretofore cited [3] persuade the Court that they would conclude that the exemption would not survive the foreclosure. The focus of the statute is upon the residence. With exceptions not here relevant, the exemption ceases with termination of occupancy.[4] To conclude otherwise would transform the statute from a residential to a land exemption.

■ Nor does the Court believe that the trustee is foreclosed from claiming the proceeds of sale by virtue of his failure to object to the debtors' original claim of exemption. At the outset of the case, the claim appeared perfectly proper. When the nature of the estate's interest materially changed upon the foreclosure, it was incumbent on the debtors to amend their claim of exemption if they believed the remaining land was exempt.[5]

Based upon the annexed findings of fact and conclusions of law, the debtors' motion is denied.

So Ordered.

---

**2.** Assuming without deciding that the homestead exemption here extended to the entire farm.

**3.** See in particular *Wyoming County Bank v. Kiley,* 75 A.D.2d 477, 479, 430 N.Y.S.2d 900, 902 (4th Dep't 1980).

**4.** CPLR § 5206(c).

**5.** cf. *In re Wanderlich,* 36 B.R. 710 (Bkrtcy.W.D. N.Y., 1984). (Debtors amended their exemptions to claim a new exemption).