104 F.3d 352
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In Re Charles J. MOSELLO and Patricia Mosello, Debtors,
Charles J. MOSELLO and Patricia Mosello, Plaintiffs-Appellants,
v.
ACQUVEST COMPANY as successor to ALI, Inc., Defendant-Appellee,
Anthony J. Keogh and Amerifirst Mortgage Corp., Defendants.
 No. 96-5038.
 United States Court of Appeals, Second Circuit.
 Oct. 31, 1996.
 
 Appearing for Appellants: Edward F. Beane, Keane & Beane, White Plains, New York.
 Appearing for Appellee: David L. Tillem, Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, New York.
 Before OAKES, VAN GRAAFEILAND and WINTER, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Charles J. Mosello and Patricia Mosello appeal from Judge Parker's affirmance of the bankruptcy court's dismissal of their adversary proceeding for failure to state a claim. We affirm for substantially the reasons stated by the district court. See Mosello v. ALI, Inc., 193 B.R. 147 (Bankr.S.D.N.Y.1996).
 
 
 4
 We underline two points. First, Wyoming County Bank & Trust v. Kiley, upon which the Mosellos rely, holds only that "[t]he homestead exemption delineated in [N.Y.] CPLR 5206 (subd. (a)) depends on the nature of the proceedings to seize property for debt enforcement purposes. CPLR 5206 (subd. (a)) by its express terms applies to proceedings involving 'the satisfaction of a money judgment' and to no other proceeding." 75 A.D.2d 477, 479-80, 430 N.Y.S.2d 900, 902 (4th Dep't 1980). Wyoming County Bank & Trust Co. stands for the proposition that a foreclosure action does not necessarily result in a "money judgment" for purposes of CPLR § 5206, which just exempts certain property from "application to the satisfaction of a money judgment." Id. at 481, 903. The holding in Wyoming County Bank & Trust Co. does not mean that a foreclosure action may never result in a money judgment when doing so would not conflict with the homestead exemption of Section 5206. As the district court noted, CPLR § 105(q) defines money judgment as "a judgment, or any part thereof, for a sum of money." Mosello, 193 B.R. at 150. Although the judgment in this case, being in part a judgment for a sum of money, might implicate the homestead exemption if it were applicable, that exemption does not apply.
 
 
 5
 We express no opinion about whether it was proper for the New York Supreme Court to grant, inter alia, judgment for a sum of money (or directing payment of a sum of money), as it did. See Village Bank v. Mosello, No. 3354/91 (N.Y.Sup.Ct. May 4, 1992). That question was not before the bankruptcy or district courts and is not before us on this appeal.
 
 
 6
 The second point we emphasize is that a close look at the "Release of Part of Mortgaged Premises" reinforces the district court's conclusion that "because of its internal inconsistency, the release by itself provided constructive notice of the Bank's lien." Mosello, 193 B.R. at 151. Not only does it release "all that part of said mortgaged lands," it also provides that the Village Savings Bank would "hold and retain the residue of the mortgaged lands as security for the money remaining due on said mortgage." Further, it expressed an "intent ... that the rest of the lands in said mortgage specified may remain mortgaged ... as heretofore." The district court was correct in finding that these inconsistencies would lead a hypothetical purchaser to discover the judgment of foreclosure and the amending order. See id.
 
 
 7
 We therefore affirm.