| 67 | 301 |
| 130 | 423 |

## JAMES W. HAWORTH

### *v.*

## JAMES TRAVIS *et al.*

1. BANKRUPTCY—*effect of, on judgment lien.* The lien of a judgment is not affected by the bankrupt act of 1867, and unless discharged by the assignee, may be enforced after the discharge of the judgment debtor in bankruptcy.

2. JUDGMENT LIEN—*on homestead.* The lien of a judgment does not attach to the homestead of the debtor where the same is not worth more than $1000, unless he shall abandon the same, and the debtor may sell and convey the same free from such lien; but where the ground occupied as a homestead, with the improvements, exceeds in value $1000, a judgment against such debtor becomes a lien on the residue over and above the $1000 in value.

3. Where mortgaged property was set off to a bankrupt by the assignee, as a homestead, subject to the incumbrance thereon, and the debtor afterwards redeemed from the mortgage, it was *held*, that the property in excess of the value of $1000 became liable to sale on execution under a judgment rendered against him subsequent to the execution of the mortgage, and prior to his discharge in bankruptcy.

4. HOMESTEAD—*increase in value.* Improvements placed upon property occupied as a homestead, and thus increasing its value, or the rise in

value of the same, after the attaching of a lien by judgment, or after an allotment is made, will not prevent a new appraisement and allotment so as to reach the excess in value of the same over $1000.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

This was a bill in chancery, by James W. Haworth, against James Travis, William Pitts and Isaac Wilson, to enjoin the sale under execution of certain premises of the complainant, by Travis, sheriff, issued upon a judgment in favor of Pitts and Wilson, against the complainant, on the ground that the property was exempt as a homestead. The facts of the case are stated in the opinion of the court.

Messrs. NELSON & ROBY, for the appellant.

Messrs. CREA & EWING, for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears that, on the 19th day of April, 1866, Pitts and Wilson recovered a judgment in the circuit court of Macon county, against appellant; that he was then the owner and in the actual possession of two lots in the city of Decatur, which he then, and ever since has, occupied as a homestead, being, during that time, the head of a family and residing with the same; that he executed two mortgages on the premises, either before or subsequent to the recovery of the judgment, but which, does not clearly appear, to secure $1000; that, in December, 1868, appellant filed his petition in the United States District Court to be declared a bankrupt and to be discharged from his debts, which was done by decree of that court in August, 1869; that the assignee in bankruptcy set apart to him the two lots, subject to the mortgages, as exempt from his debts under the act of Congress. Subsequently, the mortgages were foreclosed and the lots sold; that appellant redeemed from the sale after having received his discharge in bankruptcy. After he had so redeemed,

he again mortgaged the lots to one Jack for about the sum of $500; that, afterwards, on the 10th day of August, 1870, Pitts and Wilson sued out an alias execution on their judgment, placed it in the hands of the sheriff, who thereupon summoned a jury under the statute, who appraised the lots at $2000, and finding the property susceptible of division, set apart to appellant a portion thereof worth $1000, as his homestead, and the sheriff thereupon levied the execution on the remainder of the lots and advertised it for sale. Appellant thereupon filed a bill for an injunction to restrain the sale of the property. A temporary injunction was granted, but, on a hearing on bill and answer, the court below dissolved the injunction and dismissed the bill. Thereupon complainant appealed, and brings the record to this court, and assigns for error the dismissal of the bill.

The whole controversy in this case turns upon the question whether the judgment became a lien on these lots, or if not, upon the surplus over and above the value of the homestead. The bankrupt act fully recognizes the lien of a judgment. The 14th section of the act (Sess. Laws 1867, p. 160, declares "that the assignee shall have authority, under the order and direction of the court, to redeem or discharge any mortgage or conditional contract, or pledge or deposits, or lien upon any property, real or personal, whenever payable, and to tender due performance of the condition thereof, or to sell the same subject to such mortgage, lien or other incumbrances." This language is sufficient to embrace the lien of a judgment, and we must hold that such a lien is unaffected by the bankrupt act.

Such being the case, we come to the consideration of the effect of what is known as our "homestead law." It exempts a lot of ground and the buildings thereon, in value not exceeding $1000, where the same is owned and occupied by a debtor who is the head of a family and resides with the same, from levy and forced sale under any process or order from any court of law or equity, for debts contracted

after the 4th of July, 1851. It has been held by this court that, where the lot of ground, with its improvements, is not worth more than $1000, the lien of a judgment does not attach to the property unless it shall be abandoned as a homestead. And it has also been held that the debtor may sell and convey the same free from such lien. *Green* v. *Marks*, 25 Ill. 221; *Bliss* v. *Clark*, 39 Ill. 590. But the court has not decided that the judgment creates no lien on the residue over and above the $1000 in value.

In the case of *Smith* v. *Miller*, 31 Ill. 158, it was held that, whilst the mortgage did not affect the homestead right, yet, if the premises were worth more than $1000, it is binding, and upon a foreclosure the excess may be reached by a division; or, if that can not be made, then by a sale in the mode prescribed by the statute; and the lien of the judgment operates precisely as that of a mortgage where the right is not released. It will be observed that the law only exempts the lot of ground and the buildings thereon to the value of $1000. The language employed can not be extended to the whole tract, where it exceeds that value. It is only so much of the lot as is worth the sum that is exempted, and not the entire lot upon which the debtor resides. And the statute prescribes the manner in which the officer shall proceed to subject the excess over the amount exempted, to sale. When the entire statute is considered, we can give it no other construction than it was intended to exempt the lot to the value of $1000, and to leave the remainder subject to lien and sale as any other real estate. This judgment, then, became a lien on these lots for all over the amount exempted, and that portion became subject to sale in the mode prescribed by the statute.

There seems to be some difference as to whether the judgment or the first mortgages were prior in date. We can not see that this can, in anywise, affect the question. Appellant voluntarily discharged them and removed the incumbrance of the mortgages. If the judgment was prior in date, then

these mortgages would have been no obstruction to the sale of the excess beyond the homestead exemption. On the other hand, if the mortgages had precedence, when they were satisfied all obstructions were removed to a sale of the surplus. The judgment, if junior, became a lien on the surplus, subject only to the mortgages, and when they were removed, a sale could be made free from incumbrance.

The allotment of this property to appellant by the assignee, in nowise impaired the lien of the judgment. It was set apart to him, and he took it subject to all liens and incumbrances, and when he removed them, and not till then, could he claim more than $1000 worth of the property free from these liens. It would be unjust to permit a debtor, because he occupied property of the value of many thousand dollars, and it was incumbered to its full value, to claim it as exempt from sale under judgments against him simply because he occupied the property and discharged such incumbrances. He had no exemption of the money he used in paying the mortgages, and why should the premises thus released be exempt beyond the homestead? Nor would improvements placed upon the property, increasing it in value, be exempt beyond the $1000 homestead; nor would the rise in value of the property, after the lien attached, or after an allotment had been made, exempt more than $1000 in value, or prevent a new appraisement and allotment. *Stubblefield* v. *Graves*, 50 Ill. 103. The statute is not designed to exempt more than $1000 in value of the homestead. To hold otherwise, would be a palpable violation of the plain meaning of the statute.

We perceive no ground for reversing the decree of the court below, and it must be affirmed.

*Decree affirmed.*