## Chalon G. Cloud v. Fields Meyers et al.

FRAUDULENT CONVEYANCE—*what not*. The conveyance of a homestead of $1,000 or less in value cannot be made in fraud of a creditor, although the householder may have had the debt of the creditor in view when making the conveyance.

Bill in equity. Appeal from the Circuit Court of Hamilton County; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the February term, 1907. Affirmed. Opinion filed September 13, 1907.

L. T. WALKER, for appellant; LEDBETTER & WATSON, of counsel.

J. H. LANE and ISAAC H. WEBB, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On September 30, 1898, Anthony Meyers conveyed to Fields Meyers, his son, one of the appellees, 40 acres of land in Hamilton county, Illinois, then worth about $600. The deed was delivered to the grantee on the day it was made and by him placed on record. At that time Anthony Meyers was 72 years of age and a widower, his wife having died a few months previous. The land conveyed was at the time, and had been for over 40 years, occupied by Anthony Meyers as a homestead. After the death of his wife Anthony Meyers made an agreement with his said son to convey to him said premises and in consideration thereof the son undertook to support his father during his natural life, pay his doctor's bills and funeral expenses, and discharge all bills for expenses incurred by him. The consideration named in the deed was "care and support, love and affection, and one dollar." The deed also reserved unto

the said Anthony Meyers "the possession, use, control, rents, issues and profits of said land during his natural life." At the time the conveyance was made the premises were occupied by Anthony Meyers, his son, Fields Meyers, and an unmarried daughter, Mary Meyers. After the delivery of the deed as aforesaid, Fields Meyers took possession of the place and proceeded to comply with the terms of the contract, by caring for his father and paying his expenses, including doctor's bills, until his death, which occurred January 10, 1905. After the death of his father, Fields Meyers also paid his funeral expenses.

On February 20, 1899, appellant, Chalon G. Cloud, obtained a judgment against Anthony Meyers, before a justice of the peace of Hamilton county for $200. This judgment was, after the death of Anthony Meyers, on November 6, 1905, allowed against his estate, as a claim of the seventh class for $260.90.

Anthony Meyers never owned any other land than the 40 acres in question, and his estate was insolvent. The administrator swore that he inventoried no personal property. On the day upon which his claim was allowed against said estate, appellant filed his bill in chancery against appellee, Fields Meyers, and the other heirs at law of Anthony Meyers and the administrator of his estate, to set aside the deed made by Anthony Meyers to Fields Meyers, and subject the premises in question to the payment of the judgment against said estate.

The bill alleged, among other things, that the deed was fraudulently made for the purpose of preventing appellant from collecting his judgment, was without consideration and that Fields Meyers did not care for his father as provided for. Some proof was introduced tending to show that Anthony Meyers had said he was going to convey the land to his son to keep the old security debt, referring to appellant's judgment, from taking it, while on the other hand Fields Meyers denied that the deed was made to defraud appellant or any one else, or that anything indicating such

an intention was discussed by him and his father, when the deed was made.

The trial court upon the hearing, dismissed the bill for want of equity and complainant below has appealed to this court.

Appellant's bill and also his argument in this court, are based upon the assumption that the conveyance by Anthony Meyers to his son, was made without consideration, and for the express purpose of avoiding an existing debt. The proofs show, however, that the conveyance was made, not only for a good but also a valuable consideration, and that in pursuance of the contract and conveyance, Fields Meyers took care of his father, paid his debts and doctor's bills for over six years, and after his death, paid his funeral expenses.

The evidence fails to show, even if it could make any difference in this case, that Fields Meyers entered into the arrangement for the purpose of defeating the debt of his father, or that he knew of any such intention on the part of his father at that time. Section 1 of our Statute in reference to exemptions, provides: "that every householder having a family, shall be entitled to an estate of homestead to the extent in value of $1,000 in the farm or lot of land and buildings thereon owned or rightly possessed by lease, or otherwise, and occupied by him or her, as a residence and such homestead and all right and title therein shall be exempt from attachment, judgment, levy or execution, sale for the payments of his debts or other purposes and from the laws of conveyance, descent and devise, except as hereinafter provided" and section 6 of the same act provides, "When a homestead is conveyed by the owner thereof, such conveyance shall not subject the premises to any lien or encumbrance, to which it would not have been subject in the hands of such owner."

By virtue of this statute, a homestead is given to the householder having a family, which he can either occupy himself or convey to some one else, exempt from attachment, judgment, levy, execution or sale for the payment of his

debts and his creditors have no interest in such homestead entitling them to interfere with his occupancy or free disposition of the same.

Our Supreme Court said in the case of Leupold v. Krause, 95 Ill., 440, "No conveyance of property exempt from execution can be considered fraudulent as against a creditor. Injury is an essential element of fraud and where injury is wanting there can be no fraud. We have repeatedly held that the lot of ground occupied by the debtor as a residence, is to the extent of $1,000 in value, exempt from levy and forced sale and when sold by the debtor, the purchaser takes it to that extent free from all judgment liens." It appears therefore that the conveyance of a homestead of $1,000 or less in value, cannot be made in fraud of a creditor, although the householder may have had the debt of the creditor in view when making the conveyance. In this case, however, the conveyance appears to have been made for a valuable and even adequate consideration, which was fully paid by the grantee and the charge of fraud, even if it could be considered, is not sustained. Under such circumstances, no reason existed either in law or equity, why Anthony Meyers could not convey the homestead in question.

The decree of the court below, dismissing the bill, will be affirmed.

*Affirmed.*