**In re Larry S. WARD, Nancy L. Ward, Debtors.**

**Larry S. WARD, Nancy L. Ward, Plaintiffs,**

**v.**

**BANK OF FINDLEY, Champion Federal Savings & Loan, Michael L. Pickerell, First Mutual Savings Bank, Bob Brotherton, United States of America, Internal Revenue Service, Illinois Department of Revenue, Magna Bank of Central Illinois, United States Veterans' Administration, Defendants.**

**Bankruptcy No. 92–71435.**
**Adv. No. 93–7121.**

United States Bankruptcy Court, C.D. Illinois.

Aug. 30, 1993.

John Barr, Decatur, IL, for debtors.

James A. Lewis, Springfield, IL, for IRS.

Joseph W. Vigneri, Donald E. Brilley, Decatur, IL, for Bank of Findley.

Jeff Justice, Decatur, IL, for Magna Bank.

## OPINION

LARRY L. LESSEN, Chief Judge.

The issue before the Court is whether the Debtors may avoid judicial liens on their homestead pursuant to 11 U.S.C. § 522(f)(1).

The material facts are not in dispute and the proceeding is before the Court on a motion for judgment on the pleadings. (The Debtors have withdrawn their request for an evidentiary hearing.) The Debtors, Larry and Nancy Ward, filed a petition pursuant to Chapter 11 of the Bankruptcy Code on July 7, 1992. The case converted to a proceeding under Chapter 7 of the Bankruptcy Code on March 1, 1993. The Debtors claim a homestead exemption of $15,000 in their residence at 2940 Twin Bridge Road, Decatur, Illinois. The residence has a current market value of $80,-000, and there is a first mortgage on the property in favor of the Hickory Point Bank in the amount of $74,599.58. A number of creditors, including the Bank of Findley, Champion Federal Savings & Loan, First Mutual Savings Bank, and Magna Bank of Central Illinois, claim judicial liens against the residence.

The Debtors allege that the judicial liens impair their homestead exemption, and they have filed a complaint to avoid the judicial liens pursuant to 11 U.S.C. § 522(f)(1), which provides as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (1) a judicial lien.

The judgment creditors argue that under Illinois law a judicial lien cannot impair a homestead exemption. The Debtors respond that allowing the judicial liens to remain as a charge against their homestead property would impair their exemption and their right to a fresh start.

The leading case in Illinois on this issue is Judge Meyers' thoughtful opinion in *In re Cerniglia*, 137 B.R. 722 (Bankr. S.D.Ill.1992). Judge Meyers' thorough analysis of Illinois exemption law demonstrates that a judgment lien does not attach to a debtor's homestead interest in property; the judgment lien only attaches to the debtor's property that exceeds the statutory homestead interest. *Id.* at 726. The

homestead is freely alienable by the debtor, and judgment creditors may not interfere with the debtor's disposition of the homestead. *Id.* at 726. On the other hand, judgment creditors may subject the property to execution and sale in satisfaction of the judgment provided the debtor is compensated for his homestead. *Id.* at 726. Based upon this review of Illinois exemption law, Judge Meyers concluded that under Illinois law a judgment lien can never impair a debtor's homestead because the lien never attaches to the exempt property. Therefore, there is no basis for the avoidance of a judicial lien on a debtor's homestead interest under § 522(f)(1). *Id.* at 727.

Judge Meyers found support for his holding in the recent Supreme Court case *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In *Dewsnup,* the Supreme Court rejected the "strip down" of liens under § 506(d). Relying on the long-standing rule that a lien on real property passes through bankruptcy unaffected, the Supreme Court declared that "[a]ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor ..." *Id.* at ——, 112 S.Ct. at 778. The Supreme Court found that this result would not impede the debtor's "fresh start" because the debtor's discharge is limited to personal liability and does not extend to an *in rem* claim against property. *Id.* at ——, 112 S.Ct. at 777.

The Ninth Circuit reached a similar conclusion to *Cerniglia* in *In re Chabot,* 992 F.2d 891 (9th Cir.1993). The applicable California law in *Chabot* was similar to Illinois law: a judgment lien attaches to a homestead only in the amount of any surplus over all prior liens and encumbrances on the homestead and the California homestead exemption. *Id.* at 894. Employing a plain meaning analysis, the Ninth Circuit found that a judicial lien does not have any impact on a debtor's ability to recover his homestead exemption, and therefore it is not impaired and cannot be avoided. *Id.* at 895. The Ninth Circuit found this result to be consistent with *Dewsnup* and an earlier Ninth Circuit decision, *In re Hyman,* 967

F.2d 1316, 1321 (9th Cir.1992) which determined that a debtor was not entitled to post-petition appreciation. 992 F.2d at 895.

*In re Sanders,* 156 B.R. 667 (D.Utah 1993) recently followed *Cerniglia* and *Chabot* in concluding that a creditor's judicial lien did not impair a debtor's homestead exemption because, under Utah law, the homestead exemption is immune from judicial liens:

> Under a plain reading of § 522(f)(1), a debtor's exemption is impaired only to the extent a judicial lien attaches to the otherwise exempt property interest and presents the debtors from getting the benefit of his exemption. In harmony with the reasoning of *Cerniglia* and *Chabot, supra,* to avoid the entire lien in this case would bestow a windfall on the Debtor, a resolution that lacks any justification under the language of § 522(f). Accordingly, this court finds that § 522(f)(1) does not permit the Debtor to avoid ... [a] judicial lien beyond the Debtor's $12,701.50 exemption, assuming that the lien impairs the exemption.

The Court is aware that some courts believe that the mere existence of a judgment lien impairs a homestead exemption. *In re Jacobs,* 154 B.R. 359, 360–61 (Bankr. S.D.Fla.1992); *In re Packer,* 101 B.R. 651 (Bankr.D.Colo.1989). The rationale for this view is explained as follows:

> [P]ractical problems are presented when a certified copy of a judgment against a homeowner is recorded in the official records of the county in which the homeowner's homestead is located. Title companies generally treat such judgments as a cloud on title to the homestead unless [they are] avoided in bankruptcy, satisfied or otherwise removed. When the homeowner later becomes a debtor in bankruptcy, the limitations on the debtor's actions that result denies the debtor the full enjoyment that the Florida Constitution provides. [T]he Bankruptcy Code contains a specific provision designed to prevent the debtors ... from experiencing problems of this sort.

*In re Calandriello,* 107 B.R. 374, 375 (Bankr.M.D.Fla.1989).

The Court is not persuaded by this rationale because it is inconsistent with the *Dewsnup* principle that post-petition appreciation accrues to the benefit of the creditor. Moreover, it gives the debtor more than he is entitled to under the relevant state exemption statute. As the *Chabot* court explained:

> Debtors are entitled to the set amount of the exemption, no more and no less. If debtors wish to realize any appreciation, they can sell the property, receive the exemption amount from the proceeds, and invest it as they see fit.

992 F.2d at 896.

The Court's conclusion that lien avoidance under § 522(f)(1) is unavailable where state exemption law provides that judicial liens do not attach to the debtor's exempt homestead interest is not inconsistent with the Bankruptcy Code. As Judge Meyers explained in *Cerniglia,*

> [t]he Court's ruling that § 522(f)(1) lien avoidance is unavailable to the debtors here does not deny them any benefits afforded by the Bankruptcy Code but merely leaves undisturbed the protection already provided under state exemption law. By defining the debtors' homestead exemption as free from attachment by judicial liens, Illinois exemption law mirrors the effect of lien avoidance under § 522(f)(1) ... The state exemption provision here ... is consistent with the purpose and effect of § 522(f)(1).

137 B.R. at 728.

For the foregoing reasons, the motion of Magna Bank of Central Illinois NA for judgment on the pleadings is allowed, and the Debtors' amended petition to avoid lien on real estate is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.