**In re Henry Eartis HARRISON, Debtor.**

**Bankruptcy No. 93 B 17456.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Feb. 22, 1994.

**612**

Jim McArdle, Bennett A. Kahn, Melvin J. Kaplan, Chicago, IL, for Henry Eartis Harrison, debtor.

Robert J. Walinski, Kerry S. Trunkett, Walinski & Trunkett, Chicago, IL, for United Bell Credit Union.

John E. Gierum, DiMonte, Schostok & Lizak, Park Ridge, IL.

M. Scott Michel, Chicago, IL, U.S. Trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the petition to avoid a lien filed by Henry Eartis Harrison (the "Debtor") and the objections thereto of United Bell Credit Union (the "Creditor"). The Debtor seeks to avoid the Creditor's judgment lien pursuant to 11 U.S.C. § 522(f)(1) on the ground that it impairs the Debtor's homestead exemption claimed in the property. After review of the undisputed facts, the arguments of the parties, and the applicable authorities, the Court denies the petition and sustains the objections.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and Local General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It is a core proceeding under 28 U.S.C. § 157(b)(2)(K), brought as a contested matter under Federal Rules of Bankruptcy Procedure 4003(d) and 9014.

### II. FACTS AND BACKGROUND

The material facts are undisputed. The Debtor filed a Chapter 7 petition on August 18, 1993, after the Creditor recorded a memorandum of judgment against the Debtor with the Cook County Recorder of Deeds on June 3, 1993. The Creditor filed a proof of claim in the amount of $6,880.17, in contrast to the sum of $6,334.31 pleaded in its objection. The exact amount remaining unpaid as of the bankruptcy petition is not outcome determinative. The Debtor's schedules list a secured senior mortgage claim held by another creditor in the approximate amount of $55,000.00. The parties do not dispute that the Creditor's judgment lien encumbers real property commonly described as 1644 East 84th Street, Chicago, Illinois (the "Property"), valued at $60,000.00. The Debtor has claimed a homestead exemption in the Property in the amount of $7,500.00 under 735 ILCS 5/12–901. The Creditor's junior judgment lien is presently under-secured and subordinate to the mortgagee's lien and the

homestead exemption claimed by the Debtor, who presumably expressly waived the homestead exemption as against the mortgagee under the mortgage.

Pursuant to 11 U.S.C. § 341, the meeting of creditors was held and was concluded on October 20, 1993, when the Trustee filed a "no asset" report. No objections were filed to the Debtor's claim of homestead exemption or to the Debtor's discharge within the periods prescribed by Federal Rules of Bankruptcy Procedure 4003(b) and 4004. Thus, the homestead exemption claimed is exempt under 11 U.S.C. § 522(b) and (*l*). An order of discharge under 11 U.S.C. § 524 will be issued shortly, giving the Debtor the "fresh start" contemplated by Chapter 7.

### III. *DISCUSSION*

■ The Debtor invokes the avoidance power of 11 U.S.C. § 522(f)(1) and contends that the Creditor's judgment lien impairs the Illinois homestead exemption. The Creditor objects under *In re Cerniglia*, 137 B.R. 722 (Bankr.S.D.Ill.1992) and *Ward v. Bank of Findley*, 157 B.R. 643 (Bankr.C.D.Ill.1993). Those decisions held that section 522(f)(1) could not be properly utilized in connection with a claim of homestead exemption because under Illinois law a judgment lien does not attach to a debtor's homestead interest in property. Thus, judgment liens do not impair homestead exemption claims, even if the property itself is subject to sale in satisfaction of the lien, because the homestead claim must be compensated and satisfied in the event of sale of the property. As a result, the exemption is not impaired and there is no basis under section 522(f)(1) for the avoidance of a judicial lien on Illinois real property in which the debtor properly asserts a homestead exemption.

Both *Cerniglia* and *Ward* noted the dictum in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) that repeated the long standing general bankruptcy principle that liens on real property usually pass through bankruptcy unaffected and "[a]ny increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor...." *Id.* —— U.S. at

——, 112 S.Ct. at 778. Moreover, such result does not impede a debtor's "fresh start" because the debtor's discharge does not extend to *in rem* claims against property. *Id.* —— U.S. at ——, 112 S.Ct. at 777. *Cerniglia* and *Ward* both cited to the conflicting lines of cases decided by bankruptcy courts in other states on the issue at bar: those following the result and reasoning of *Cerniglia* and *Ward* in denying such relief requested by debtors, *see e.g., In re Chabot*, 992 F.2d 891 (9th Cir.1993) (California law); *In re Sanders*, 156 B.R. 667 (D.Utah 1993) (Utah law), and the contrary line of cases that concludes that such judgment liens impair the claimed homestead exemption. *See e.g., In re Jacobs*, 154 B.R. 359 (Bankr.S.D.Fla.1992) (Florida law); *In re Packer*, 101 B.R. 651 (Bankr. D.Colo.1989) (Colorado law). Additional research reveals that the split of authorities continues among the various bankruptcy courts applying state homestead laws. *See In re Henderson*, 155 B.R. 157 (Bankr. W.D.Tex.1992) (Texas law; follows *Cerniglia* and *Ward*); *In re Osborne*, 156 B.R. 188 (Bankr.W.D.Va.1993) (Virginia law; rejects holding and results in *Cerniglia* and *Ward*).

The Debtor raises a number of arguments in support of the relief sought and also attempts to frame the issue in terms of the time when the exemption claimed can be utilized because the avoidance power of section 522(f)(1) can only be invoked by the Debtor while in bankruptcy court. This point is not outcome determinative. Although that avoidance power can only be invoked in a bankruptcy case, the homestead exemption claim can be made at any time by the Debtor in or out of bankruptcy court. The Illinois homestead exemption, if properly claimed, can only be validly released, waived, or conveyed in a signed writing (735 ILCS 5/12–904) and even survives the death of the claimant, for the benefit of surviving spouses and minor children (735 ILCS 5/12–902).

The Debtor also correctly notes that *Dewsnup* held that the strip down provisions of 11 U.S.C. § 506(d) were unavailable to Chapter 7 debtors. The holding in *Dewsnup* was narrowly limited by its own terms. Thus, it is not controlling in this matter involving section 522(f)(1). Rather, the

Debtor argues that the more appropriate and instructive dictum from *Owen v. Owen,* 500 U.S. 305, 309–12, 111 S.Ct. 1833, 1836–37, 114 L.Ed.2d 350 (1991) should be applied: ask not whether the judicial lien impairs an exemption to which the Debtor is entitled, but whether it impairs an exemption to which the Debtor would have been entitled, but for the lien itself. In addition, the Debtor argues the six reasons set forth in *Packer* to support the requested relief: (1) to reinforce the fresh start; (2) absent avoidance, liens survive bankruptcy; (3) a surviving lien impairs the Debtor's rights even if it does not attach to the property interest claimed exempt; (4) the time to fix the relative rights of the parties is at the time of bankruptcy; (5) an avoidance order establishes certainty with respect to the effect of the lien on the property; and (6) section 522(c) requires the Debtor to take affirmative action to avoid judicial liens under section 522(f).

Additionally, the Debtor cites *In re LaPointe,* 150 B.R. 92 (Bankr.D.Conn.1993) for the proposition that the benefit of any post-petition acquisitions and equity should inure to the benefit of the Debtor in aid of the needed fresh start. Thus, the Debtor seeks the requested relief in order to benefit from any post-petition increase in value of the Property to augment the claimed homestead exemption. The Debtor concludes that sustaining the Creditor's objections comes close to rendering the avoidance power of section 522(f)(1) a nullity, creates uncertainty as to the effect of such judgment liens, and interferes with the Debtor's fresh start. After all, the Debtor only seeks to avoid the judicial lien to the extent of the homestead exemption claimed, no more.

The Court finds and concludes that the better view is that taken by *Cerniglia* and *Ward* for the persuasive reasons stated therein. As noted in *Cerniglia,* the power under section 522(f)(1) is given to preserve a debtor's exemption, but the power may not be properly used to expand the exemption by avoidance of a lien that would otherwise survive the debtor's discharge encumbering other property of the estate beyond the debtor's properly claimed exemptions. 137 B.R. at 722.

The legislative history of section 522(f)(1) expressly notes that it "protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to *avoid liens on exempt property.* The debtor may avoid a judicial lien on any property *to the extent that the property could have been exempted in the absence of the lien* ...." H.R.Rep. No. 595, 95th Cong., 1st. Sess. 362 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978); U.S.Code Cong. & Admin.News 1978, pp. 5787, 5862, 6318 (emphasis added). This point of course begs the question of whether under applicable law the judicial lien encumbers the property interest claimed exempt. *Cerniglia* noted that the purpose and effect of section 522(f)(1) is to preserve the debtor's exemption, and thus a fresh start by allowing avoidance of liens in the specific amount of the debtor's exemption, rather than free the debtor's property completely of judicial liens. 137 B.R. at 725.

■ In Illinois, a judgment lien attaches to all real property of a debtor once a transcript, certified copy, or memorandum of judgment has been duly recorded in the county in which the property is located. *See* 735 ILCS 5/12–101. The attachment of a judgment lien to real property, however, is not identical to a functional impairment of the exemption carved out of the property. The homestead exemption, however, constitutes an exception to this general rule. *Lehman v. Cottrell,* 298 Ill.App. 434, 440, 19 N.E.2d 111, 114 (1939). Illinois homestead is an estate in property, real or personal, but subject to the monetary limit of $7,500.00 per individual as prescribed by the statute creating same. 735 ILCS 5/12–901; *see generally* 20 Illinois Law and Practice, *Homesteads* § 2 *et seq.* (1992 and 1993 Supp.) (collecting cases). Pre-existing liens are unaffected by subsequently acquired homestead claims. *Id.* at § 5. In Illinois, a judgment lien does not attach to a debtor's homestead interest in property (real or personal). *See e.g., Dixon v. Moller,* 42 Ill.App.3d 688, 690, 1 Ill.Dec. 411, 414, 356 N.E.2d 599, 602 (5th Dist.1976). The homestead estate is alienable by the debtor (735 ILCS 5/12–904), and judgment creditors have no interest in the homestead estate that would allow them to interfere

with the debtor's disposition thereof. *Cloud v. Meyers*, 136 Ill.App. 45, 47–48 (1907); *see* 20 *Illinois Law and Practice* Homesteads, § 75. Thus, Illinois courts have held that a judgment lien attaches only to that portion of property that exceeds the amount allowed by statute as a homestead. *Haworth v. Travis*, 67 Ill. 301, 304 (1873). Because the judgment lien never attaches to a debtor's homestead estate, the debtor is entitled to have that homestead estate set off or to be compensated for it in the event of sale of the underlying real property. *Cochran v. Cutler*, 39 Ill.App.3d 602, 609, 350 N.E.2d 59, 64 (2d Dist.1976); 735 ILCS 5/12–906—5/12–912.

■ Bankruptcy courts normally look to state law to determine interests in property and the perfection of liens therein, and only in the event of conflicting federal law apply the later. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). For purposes of this matter there is no conflict between the relevant Illinois and federal laws. Pursuant to the provisions of the Bankruptcy Code, Illinois has "opted out" of the federal exemptions, and thus the relevant exemption under section 522(b) is that defined by Illinois law. *See* 11 U.S.C. § 522(b)(1); 735 ILCS 5/12–1201; *In re Marriage of Logston*, 103 Ill.2d 266, 82 Ill. Dec. 633, 469 N.E.2d 167 (1984). The Court agrees that the narrow holding in *Dewsnup* is not controlling, but the cited dicta is persuasive authority. Unless otherwise properly avoided, liens encumbering property *in rem* survive bankruptcy. The cited dicta from *Owen* is unavailing to the Debtor. The Creditor's judgment lien under Illinois law does not legally impair in any way the Debtor's Illinois homestead exemption. For purposes of this matter, any cloud on title to the Property enjoyed by the Creditor's unsecured judgment lien is not synonymous with or the functional equivalent of impairing the Debtor's estate of homestead properly claimed in the Property or its proceeds. The exemption is not coextensive with the entire Property, but merely an exempt portion therein.

The Court does not find the Debtor's arguments enunciated in *Packer* persuasive when applied to the Illinois homestead exemption.

The relief sought by the Debtor would certainly reinforce the Debtor's fresh start with the additional potential benefit of possible future post-petition appreciation in value of the underlying Property. Any such future prospects are merely speculative at this time. More importantly, as long as the Debtor is occupying the Property, however, the Illinois homestead exemption can be properly claimed to the extent that the statute allows, but not more. As the Creditor's judicial lien does not ever attach to the Debtor's homestead estate claimed in the underlying Property or its proceeds, the judicial lien does not legally impair same. The extent of the Debtor's Illinois homestead exemption is not presently greater than $7,500.00, nor dependent upon the value of the Property, which may or may not fluctuate in the future. The Court rejects the conclusion that the Creditor's judicial lien, which survives this bankruptcy, eviscerates either the Debtor's interest in the homestead exemption or the effect of section 522(f)(1). The avoidance power can readily be utilized when other exemptions in other types of property are functionally "impaired" in some way by judicial liens. Thus, although the Creditor's judicial lien may serve as a cloud on the underlying fee simple title to the Property, it does not in any way impair the Debtor's Illinois homestead exemption rights therein, which are superior to such judicial lien.

The Debtor also cites *In re D'Ambrosia*, 61 B.R. 588 (Bankr.N.D.Ill.1986) for the proposition that he may avoid a judicial lien to the extent of the claimed homestead exemption. *D'Ambrosia* is distinguishable because it did not discuss or analyze the relevant Illinois statutory or case law which provides that judicial liens do not attach to a debtor's homestead exemption. Moreover, *D'Ambrosia* was decided prior to *Dewsnup* and *Owen* as noted by the Creditor. The Court concludes that because this judicial lien does not attach to the Debtor's exempt homestead estate in the Property, there is no need for same to be avoided because the exemption is not impaired.

### IV. *CONCLUSION*

For the foregoing reasons, the Debtor's petition to avoid the lien on the Property is

denied. This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### ORDER

For the reasons set forth in a Memorandum Opinion dated the 22nd day of February, 1994, the Court hereby denies the petition of Henry Eartis Harrison to avoid a judgment lien pursuant to 11 U.S.C. § 522(f)(1), and sustains the objections thereto of United Bell Credit Union.