**In re Kenneth GIORDANO, Debtor.**

**Bankruptcy No. 892–81757–20.**

United States Bankruptcy Court, E.D. New York, Westbury Division.

Jan. 31, 1995.

Michael J. Macco, Macco Hackeling & Stern, Huntington, NY, for debtor.

Marc L. Hamroff, Moritt Hock & Hamroff, P.C., Hempstead, NY, for Midlantic Commercial Leasing Corp.

Kenneth P. Silverman, Chapter 7 Trustee, Jaspan, Ginsberg, Schlesinger, Silverman & Hoffman, Garden City, NY.

Anes Friedman Leventhal & Rubin, Nesconset, NY, for Polychrome Corp.

## DECISION AND ORDER

ROBERT JOHN HALL, Bankruptcy
Judge.

### PRELIMINARY STATEMENT

Before the Court [1] is a motion ("Motion")
by Kenneth Giordano, the above-referenced
debtor ("Debtor"), for an order avoiding judi-
cial liens held by Midlantic Commercial
Leasing Corp. ("Midlantic") and Polychrome
Corporation ("Polychrome"). Debtor alleges
the judicial liens must be avoided since they
impair the homestead exemption ("Home-
stead Exemption") to which he is entitled.
Debtor's Motion is made pursuant to sections
522(f)(1) of title 11, United States Code
("Bankruptcy Code"), 5206(a) of New York's
Civil Practice Law and Rules ("NYCPLR"),
and 282 of New York's Debtor and Creditor
Law (Debtor and Creditor Law).

For the reasons set forth below, the Court
holds that the Motion is **DENIED** because
the judicial liens held by Midlantic and Poly-
chrome (collectively referred to as "Respon-
dents") do not impair Debtor's Homestead
Exemption.[2]

### RELEVANT FACTS

On November 11, 1990, Midlantic was
awarded a judgment for $47,023.10 [3] against
Debtor. On the same date, Midlantic's judg-
ment was docketed with the Clerk's Office
for Suffolk County, New York, establishing a
lien on Debtor's co-owned [4] real property,
located at 26 Woods End Road North, Dix
Hills, New York ("Residence").

1. The Court has jurisdiction over this case pursu-
ant to sections 157(a), 157(b)(1) and 1334(a) of
title 28, United States Code ("title 28") and the
order of referral of matters to the bankruptcy
judges by the United States District Court for the
Eastern District of New York (Weinstein, C.J.,
1986). This is a core proceeding pursuant to
section 157(b)(2)(A), (K) and (O) of title 28.

2. Our decision resolves the issues involved under
the law as it existed prior to the Bankruptcy
Reform Act.

3. Pursuant to various enforcement procedures,
Midlantic successfully recovered $12,300 from a
co-defendant in its action against the Debtor.
Thus, the balance of Midlantic's claim against
Debtor is $34,723.10, plus statutory interest of
$4,297.18 which accrued thereon from the date
of the judgment to the date Debtor filed for
bankruptcy.

4. Midlantic has asserted that Debtor owns the
residence in question with his wife by tenants in

On November 27, 1991, Polychrome was
awarded a judgment for $18,151.27 against
Debtor. On the same date, Polychrome's
judgment was docketed with the Suffolk
County Clerk, establishing a lien on the Resi-
dence, junior to Midlantic's lien.

On March 31, 1992, Debtor filed a volun-
tary petition for bankruptcy relief under
chapter 7 of the Bankruptcy Code. Debtor's
bankruptcy petition included information de-
tailing both Midlantic's and Polychrome's
judgments ("Judgments"), and a claim of
$195,000 against Debtor secured by a consen-
sual mortgage lien upon the Residence held
by Long Island Savings Bank.

On July 30, 1992, Debtor filed the Motion
seeking to avoid Respondents' liens as im-
pairing his Homestead Exemption. Debtor
submitted an appraisal with his Motion pa-
pers which provided an estimated value for
the Residence of $220,000.[5] Debtor's Peti-
tion does not contain information regarding
the nature of his ownership interest in the
Residence; however, at oral argument upon
the Motion, Debtor's counsel stated that the
Residence is jointly owned by Debtor and his
girlfriend.[6] Transcript of Hearing on Debt-
or's Motion, at 2.

Debtor's attorney concluded at oral argu-
ment that the value of Debtor's equity in the
Residence is $12,500. He then argued pur-
suant to NYCPLR section 5206(a) that Re-
spondents' judicial liens must be avoided to
the extent they exceed $2,500.[7]

the entirety, whereas Debtor's attorney advises
that the residence is owned jointly by Debtor
with his girlfriend. The Court's opinion focuses
upon Debtor's one-half ownership interest in the
Residence and is unconcerned whether such in-
terest is by a tenancy in the entirety with his wife
or by a joint tenancy with his girlfriend.

Our opinion does not endorse the propriety of
Debtor's valuation of his equity or his position as
to the nature of his ownership in the residence.
Debtor's reasoning was not opposed and its legit-
imacy is therefore not before us to decide. *See
In re D'Amelio,* 142 B.R. 8, 9 n. 3 (Bankr.D.Mass.
1992).

5. *See supra* note 4.

6. *Id.*

7. Debtor's attorney arrived at this amount by
taking his calculated value of the Debtor's inter-
est in the Residence, $12,500, and subtracting
the exemption as provided in section 5206, $10,-
000.

Midlantic contests Debtor's position that its judicial lien impairs Debtor's Homestead Exemption, for the reasons covered below. Midlantic also asserts that avoidance of its judicial lien would inequitably allow Debtor to retain any appreciation in value in the Residence while denying Midlantic the possibility of partially or fully satisfying its lien against future appreciation. Midlantic argues that this result constitutes an improper windfall to Debtor.

## LEGAL DISCUSSION

The issue before the Court is the extent to which judicial liens impair Debtor's Homestead Exemption and must be avoided.

### Governing Law

Our analysis begins with four statutes: (i) section 522(f) of the Bankruptcy Code; (ii) section 522(b) of the Bankruptcy Code; (iii) N.Y.CPLR section 5206(a); and (iv) section 282 of New York's Debtor and Creditor Law.

Section 522(f) of the Bankruptcy Code constitutes the foundation for the dispute; it provides, in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien....

11 U.S.C. § 522(f). In the instant case, Debtor's Motion under section 522(f) is for an order "avoid[ing] the fixing of [all judicial] lien[s] on an interest of the [D]ebtor in property to the extent that such lien[s] impair[ ]" Debtor's Homestead Exemption. *Id.* Debtor's Homestead Exemption is provided by the application of three statutes, section 5206(a) of the N.Y.CPLR, section 282 of the Debtor and Creditor Law and section 522(b) of the Bankruptcy Code.

Section 5206(a) of the N.Y.CPLR exempts certain non-consensually encumbered equity

in a principal residence from being applied to the satisfaction of a money judgment. N.Y.Civ.Prac. L & R. 5206(a) (McKinney 1994). The section states, in part:

**Exemption of a Homestead.** Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:

1. a lot of land with a dwelling thereon....

*Id.*[8]

Finally, sections 522(b) of the Bankruptcy Code, and 282 of the Debtor and Creditor Law give effect to the state law exemption by allowing a debtor to declare the exemption and remove the property from the bankruptcy estate. 11 U.S.C. § 522(b); N.Y.Debt. & Cred.Law § 282 (McKinney 1994). Section 522(b) states:

Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... any property that is exempt under ... State or local law that is applicable on the date of filing of the petition at the place in which the debtor's domicile has been located ...

11 U.S.C. § 522(b). Section 282 of the Debtor and Creditor Law provides:

Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under section fifty-two hundred five and fifty-two hundred six of the civil practice law and rules....

N.Y.Debt. & Cred.Law § 282 (McKinney 1994) (footnote omitted).

---

8. The exemption provided in 5206(a) is not available to a debtor whose residence is sold pursuant to a consensual mortgagee's foreclosure sale. *Citibank, N.A. v. Cambel,* 119 A.D.2d 720, 501 N.Y.S.2d 133, 134 (2d Dep't 1986); *Wyoming*

*Cty. Bank & Tr. Co. v. Kiley,* 75 A.D.2d 477, 430 N.Y.S.2d 900, 902 (4th Dep't 1980); N.Y.Civ. Prac.L. & R. 5206(a) (McKinney Supp.1994, Seigel, 1981 Supplementary Practice Commentary).

■ The four statutes above enable a debtor to perform two functions: (1) exempt from the debtor's bankruptcy estate nonconsensually encumbered equity in the debtor's principal residence of a value of up to $10,000 [9]; and (2) avoid judicial liens upon the debtor's non-consensually encumbered equity in a principal residence to the extent these judicial liens impair the Homestead Exemption.

## Issues and Contentions

■ Debtor's argument is simply stated. Judicial liens may permissibly attach to the equity "cushion" in the Residence above both consensual encumbrances and the $10,000 in equity that constitutes the Homestead Exemption. To the extent the judicial liens exceed the cushion, they impair the Homestead Exemption. Thus, Debtor concludes that Code section 522(f) requires that all judicial liens be avoided to the extent they are greater than this cushion. *See* 11 U.S.C. § 522(f) ("the debtor may avoid the fixing of a lien ... to the extent that such lien impairs an exemption").

Several courts have agreed with this interpretation of section 522(f). *See, e.g., In re Herman,* 120 B.R. 127 (9th Cir. BAP 1990); *In re Galvan,* 110 B.R. 446 (9th Cir. BAP 1990); *In re Packer,* 101 B.R. 651 (Bankr. D.Colo.1989); *In re Gunter,* 100 B.R. 311 (Bankr.E.D.Va.1989). These courts believed that the avoidance of judicial liens to the extent that they exceed the equity "cushion" conforms to the guiding bankruptcy principal of providing an honest debtor with a fresh start. *See, e.g., Herman,* 120 B.R. at 130; *Galvan,* 110 B.R. at 451; *Packer,* 101 B.R. at 652; *Gunter,* 100 B.R. at 314.

Furthermore, Debtor's argument is presently accepted by this Court pursuant to our holding in *Henry v. Chase Manhattan Bank* (In re Henry ), *38 B.R. 971 (Bankr.E.D.N.Y. 1984).*

Midlantic asserts that its lien does not impair Debtor's Homestead Exemption in that Debtor will not lose the right to utilize his Homestead Exemption due to the existence of Midlantic's lien. Memorandum of Law in Opposition at 4. The proposition is that Midlantic's lien simply does not impair Debtor's Homestead Exemption. The correctness of this statement, of course, depends upon how the Homestead Exemption is defined and how it is to be applied under 522(f).

## Resolution

■ N.Y.CPLR section 5206(a) exempts, in a proceeding brought for the satisfaction of money judgments by judicial lien creditors, the judgment debtor's equity of up to $10,000 in a principal residence. *Id.* The exact equity that section 5206(a) exempts is further exempt, in the event of bankruptcy, from property of a debtor's bankruptcy estate under section 282 of the New York Debtor and Creditor Law. N.Y.Debt. & Cred.L. § 282 (McKinney 1994); *see supra* note 9 (ramification of exempting property from a bankruptcy estate). Accordingly, under these sections, if a debtor possesses equity in a principal residence, that equity, not exceeding $10,000, is exempt from the satisfaction of money judgments *and,* in the event of bankruptcy, is exempt from property of the debtor's bankruptcy estate. N.Y.Civ. Prac.L. & R. 5206(a) (McKinney 1994); N.Y.Debt. & Cred.L. § 282 (McKinney 1994). If, alternatively, a debtor possesses no equity in a principal residence above consensual liens, no equity is available for the satisfaction of money judgments and, in the event of bankruptcy, none of the residence is exempt from the bankruptcy estate.

■ We believe that New York's Homestead Exemption is simply a judgment debtor's right to receive the first $10,000, after payment of consensual liens, of the proceeds of a sale of such debtor's homestead conducted pursuant to the application of a money judgment lien creditor. N.Y.Civ.Prac.L. & R. 5206(a) (McKinney 1994).

■ The exemption is a *right* provided by New York state law. *Id.* This *is* the Homestead Exemption. *Id.* We do not believe that judicial liens can impair this right:

---

9. The ramification of exempting property from the estate is that such property may be retained by the debtor and cannot be utilized for the satisfaction of creditors' claims. 11 U.S.C. § 522(c).

New York law requires that the first $10,000 of the proceeds of any judicial sale held at the insistence of a judicial lien creditor be unavailable for such creditor. *Id.* In New York, the exemption creates this right and no judicial lien creditor can ever impair this exemption/right. *Id.* Any non-consensually encumbered equity owned by the judgment debtor first must serve the purpose of the Homestead Exemption and thus cannot be impaired by judicial liens. This is because the liens cannot affect the judgment debtor's right to receive the first $10,000 of the proceeds of the judicial sale.[10] An exemption/right is unimpaired if notwithstanding the liens it is available. *See, e.g., Columbus Auto Auction, Inc. v. Zupan (In re Zupan),* 172 B.R. 250, 251–53 (Bankr.S.D.Ind.1993); *In re Cerniglia,* 137 B.R. 722, 725 (Bankr. N.D.Ill.1992); Margaret Howard, *Multiple Judicial Liens in Bankruptcy: Section 522(f)(1) Simplified,* 67 Am.Bankr.L.J. 151, 169 (1993) [hereinafter Howard, *Multiple Liens* ].[11] This Court is among the courts Professor Howard describes as untroubled by lingering judicial liens as long as the debtor is assured to receive the exemption amount in cash: "Courts untroubled by the dampening effect of lingering liens seem to believe that the exemption is unimpaired as long as the debtor is assured a bundle of dollars, measured by the amount of the ex-

emption." Howard, *Multiple Liens,* 67 Am. Bankr.L.J. at 169 (citing *Cerniglia,* 137 B.R. at 72). We do believe the exemption is the right to receive a certain sum, and the right is not impaired if that sum will be received. *See, e.g., Dominion Bank, N.A. v. Osborne,* 165 B.R. 183, 186 (W.D.Va.1994) ("only that part of the lien which *actually* interferes with the debtor's homestead exemption may be avoided") (quoting *In re Opperman,* 943 F.2d 441, 444 (4th Cir.1991) (adding emphasis)); *Ward v. Bank of Findley (In re Ward),* 157 B.R. 643, 646 (Bankr.C.D.Ill.1993);[12] *see also In re Henderson,* 155 B.R. 157, 160 (Bankr.W.D.Tex 1992) (citing, *e.g., In re Prestegaard,* 139 B.R. 117, 118–19 (Bankr. S.D.N.Y.1992); *In re Chabot,* 100 B.R. 18, 21 (Bankr.C.D.Cal.1989), *aff'd,* 131 B.R. 720 (C.D.Cal.1991)); *In re D'Amelio,* 142 B.R. 8, 9–10 (Bankr.D.Mass.1992).

Holding that the exemption is impaired if liens linger, even if the $10,000 will be received, enlarges the exemption. This is not proper, since a bankruptcy court is not empowered to enlarge (or reduce) a state law exemption. *E.g., In re Harrison,* 164 B.R. 611, 615 (Bankr.1994) ("[T]he power under section 522(f)(1) is given to preserve a debtor's exemption, but the power may not be properly used to expand the exemption by avoidance of a lien that would otherwise sur-

---

**10.** Stated another way:

> An exemption is not impaired unless it is diminished in value. "The Bankruptcy Code allows debtors certain exemptions to ensure they receive a fresh start after bankruptcy. These exemptions are not unlimited, however ... [The debtors are entitled to] ... the amount of their homestead and no more. There is no basis for the proposition that the homestead exemption provides ownership benefits, such as the right to appreciation, beyond the set amount."

*Columbus Auto Auction, Inc. v. Zupan (In re Zupan),* 172 B.R. 250, 252 (Bankr.S.D.Ind.1993) (quoting *In re Chabot,* 992 F.2d 891, 895 (9th Cir.1993)).

**11.** In *Cerniglia,* our proposition was stated similarly:

> The continued existence of the unsecured or excess portion of the lien on property in which the homestead exemption is claimed, while constituting a cloud on title, does not thereby impair the debtor's exemption or even his

fresh start. The debtor's exemption gives the debtor a superior right in property up to a specific amount. The debtor's fresh start is assured when he is able, by the power afforded under § 522(f)(1), to avoid a lien encumbering this specific property interest and retain it after bankruptcy, free of liens that would otherwise survive the debtor's discharge.

*Cerniglia,* 137 B.R. at 725 (identically quoted by Howard, *Multiple Liens,* 67 Am.Bankr.L.J. at 169). We agree with the *Cerniglia* view that the liens do not impair the debtor's exemption. The exemption is the right to receive a "specific amount," after consensual liens have been satisfied. *See id.* We do not believe that section 522(f)(1) is necessary to assure that the New York debtor realizes this right. New York law, though, will.

**12.** The concept may be stated in this way:

> Debtors are entitled to the set amount of the exemption, no more and no less. If debtors wish to realize any appreciation, they can sell the property, receive the exemption amount from the proceeds and invest it as they see fit.

vive the debtor's discharge encumbering other property of the estate beyond the debtor's properly claimed exemption.") (citing *In re Cerniglia,* 137 B.R. 722, 722 (Bankr.S.D.Ill. 1992)); *In re Jones,* 166 B.R. 657, 661 (Bankr.N.D.Ill.1993) ("[A] debtor's avoidance powers *should not be broadened* pursuant to Section 522(f)(1) *when a debtor's homestead exemption is not hampered.*") (emphasis added) (citing *In re Menell,* 160 B.R. 524, 526 (Bankr.D.N.J.1993)). We have found no indication that the right to the appreciation upon the $10,000 is included in the exemption. The N.Y.CPLR does not state or intimate that the judgment debtor must receive any more than the first $10,000, such as the appreciation thereon. No case or legislative history supports that proposition. Accordingly, we hold that appreciation is not within the meaning of the Homestead Exemption.[13] *E.g., In re Chabot,* 992 F.2d 891, 895 (9th Cir.1993); *Ward v. Bank of Findley (In re Ward),* 157 B.R. 643, 645 (Bankr.C.D.Ill. 1993).[14]

■ The amount of a debtor's equity is not relevant. New York's Homestead Exemption is simply the right to receive the first $10,000 in proceeds after the satisfaction of consensual liens. The balance of proceeds, if any, is paid to the judicial lien creditor. If there is not $10,000 available after payment of the consensual liens, so be it. This fact does not mean that the judicial liens impaired the exemption. If payment of a full $10,000 is impossible, the exemption was impaired by the consensual lien(s). To repeat, in New York, judicial liens do not impair the Homestead Exemption.

■ In the case at bar, Debtor possesses equity in his Residence prior to the application of judicial liens held by Respondents. This equity cannot satisfy both the New York exemption and the consensual liens. The consensual liens encumber the Homestead Exemption/right to receive the first $10,000. The Court holds, however, that the judicial liens held by Respondents simply do not impair the Debtor's exemption. *Cerniglia,*

---

*Ward,* 157 B.R. at 646 (quoting *In re Chabot,* 992 F.2d 891, 896 (9th Cir.1993)).

**13.** The Practice Commentaries to NYCPLR section 5206 support this interpretation:

> In calculating the exemption of $10,000 to which the judgment debtor is entitled for a principal residence, it is the debtor's equity which is looked to. This is of course what CPLR 5206(a) means when it excludes "liens and encumbrances" from the measure. And by this is apparently meant liens and encumbrances attaching prior to the docketing of the judgment, which itself becomes a lien upon the docketing (CPLR 5203).
>
> *To the extent that the judgment debtor's equity exceeds $10,000, the excess may be reached by the judgment creditor.* The procedure prescribed for this is a special proceeding by the judgment creditor against the judgment debtor pursuant to CPLR 5206(e). The proceeding seeks to compel the sale of the property by either the sheriff or a receiver. If the sheriff sells it, the procedures will follow CPLR 5236 as on a sale upon execution. The court can instead appoint a receiver prescribed by the court. The receivership can be resorted to when it is clear that a private sale will obtain a better price....
>
> Of that portion of the proceeds representing the debtor's equity, *the first $10,000 then goes to the judgment debtor and the rest can be applied to the satisfaction of the judgment. The judgment debtor's $10,000, after payment over to him or her, is then exempt for one year. If not*

> *used to buy a new principal residence within that time, the exemption ceases. If all is used to buy such a residence within that time, the $10,000 equity in the new residence now secures a new exemption. If within the year a new principal residence is bought, but with less than the would $10,000, the portion not used loses its exemption and may be sought out by the judgment creditor.*
>
> It is thus clear that the fact that the judgment debtor has a residential equity in excess of $10,000 does not void the exemption. It merely entails a proceeding to sell the residence under subdivision (e) of CPLR 5206, with the judgment creditor's lien attaching to the surplus beyond $10,000 on the authority of subdivision (d).

N.Y.Civ.P.L.R. 5206 (McKinney's 1994 *Practice Comm.* (David D. Siegel) (emphasis added).

**14.** Speaking of the *Chabot* opinion, the court in *Ward* wrote:

> Employing a plain meaning analysis, the Ninth Circuit found that a judicial lien does not have any impact on a debtor's ability to recover his homestead exemption, and therefore it is not impaired and cannot be avoided.... The Ninth Circuit found this result to be consistent with [*Dewsnup v. Timm,* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992)] and an earlier Ninth Circuit decision, *In re Hyman,* 967 F.2d 1316, 1321 (9th Cir.1992) which determined that a debtor was not entitled to post-petition appreciation.

**458**

137 B.R. at 727;[15] *In re Fry*, 83 B.R. 778, 779 (Bankr.D.Colo.1988);[16] *In re D'Amelio*, 142 B.R. 8, 9–10 (Bankr.D.Mass.1992). In the event of a lien foreclosure sale held upon application of the money judgment creditors, Debtor's right to receive the first $10,000 after payment of consensual liens is superior to the money judgment creditors and thus unimpaired. Accordingly, the judicial liens do not impair this exemption and are not to be avoided. 11 U.S.C. § 522(f)(1).

For the above reasons, Debtor's motion is **Denied.**

**SO ORDERED.**

*Ward*, 157 B.R. at 645 (citing *Chabot*, 992 F.2d at 895).

15. This Court agrees with the *Cerniglia* view: It would be a meaningless act for the court to order avoidance of liens under § 522(f)(1) ... if the debtor' exempt property is already free of encumbering liens. This Court, accordingly, agrees ... that where state exemption law provides that judicial liens do not attach to the debtor's exempt homestead interest, a debtor's motion under § 522(f)(1) is unavailing and must be denied.
*Cerniglia*, 137 B.R. at 727 (identically quoted by Howard, *Multiple Liens*, 67 Am.Bankr.L.J. at 171). In New York, the liens attach to the first $10,000, but that does not adversely affect the judgment debtor's right to receive that sum, not-withstanding the lien. Thus, the liens do not impair the exemption.

16. The *Fry* court wrote:
Under Colorado law the judgment lien can never "impair" the debtor's Homestead Exemption simply because the judgment lien never attaches to that exempt property. Therefore, in Colorado, § 522(f) is superfluous in connection with the Homestead Exemption.
*Fry*, 83 B.R. at 779 (citation omitted). Analogously speaking, we believe that New York law will always prevent the judicial lien from impairing the exemption/right to receive the first nonconsensually encumbered $10,000 in equity deriving from a sale held for satisfaction of a money judgment.