**In re MINTON GROUP, INC., Debtor.**

**Sidney TURNER, as Trustee, Plaintiff,**

v.

**EMMONS & WILSON, INC., Defendant.**

**Bankruptcy No. 82 B 20590.**
**Adv. No. 6330.**

United States Bankruptcy Court,
S.D. New York.

March 18, 1983.

Sidney Turner, P.C., Trustee, White Plains, N.Y., for plaintiff.

William C. Bieluch, Jr., Darien, Conn., for defendant.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The trustee seeks to avoid as preferential two prepetition attachments entered against the debtor's property, located in New Canaan, Connecticut. The defendant challenges the trustee's position, asserting that the two attachments are statutory liens that relate back to the commencement of their state court actions against the debtor, more than 90 days prior to the filing of the involuntary Chapter 11 petition. Thus, the issue for determination is whether the recording of the attachments against the property constituted preferential transfers of the debtor's property which are subject to the trustee's avoiding powers under Bankruptcy Code § 547(b).

## FINDINGS OF FACT

1. An involuntary Chapter 11 petition was filed against Minton Group, Inc. on September 28, 1982, pursuant to 11 U.S.C. § 303, and an order for relief was entered against the debtor on October 23, 1982.

2. The plaintiff, Sidney Turner, was appointed trustee pursuant to Bankruptcy Code § 1104 on October 26, 1982.

3. On December 27, 1982, the trustee commenced an adversary proceeding pursuant to Bankruptcy Rule 701 and 11 U.S.C. § 547(b) to avoid two allegedly preferential transfers of the debtor's property received by the defendant.

4. The debtor purchased property on January 18, 1982, known as Units 1 & 2 of a business condominium called Realtech Professional Associates, located at 49 Pine Street, New Canaan, Connecticut.

5. The debtor is the sole general partner of a limited partnership known as 3750 Bronx Boulevard Associates.

6. The defendant caused two prejudgment attachments to be recorded against the debtor's Pine Street property on September 23, 1982. One was entered in the amount of $2,500; the other for $3,000. Both attachments were filed in connection with two Connecticut state court actions that defendant Emmons & Wilson had commenced against the debtor on June 7, 1982 and June 22, 1982 to secure judgments for certain premiums on insurance policies issued for the debtor's limited partnership, 3750 Bronx Boulevard Associates.

7. The trustee contends that the entry of these attachments five days prior to the commencement of the debtor's Chapter 11 case constituted a preference in favor of the defendant which the trustee may avoid pursuant to his powers under Bankruptcy Code § 547(b).

8. The defendant opposes the trustee's position, contending that the two September 23, 1982 attachments are statutory liens whose effectiveness relates back to the commencement of the two state court actions, more than 90 days prior to the commencement of the Chapter 11 case.

## DISCUSSION

Bankruptcy Code § 547(b)[1] authorizes the trustee to avoid transfers of the debtor's property under circumstances where the five elements forming the basis of a preference action have been satisfied. One requirement is that the transfer of the

---

1. § 547(b): Except as provided in subsection (c) of this section, the trustee may avoid any transfer of property of the debtor—
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made—
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between 90 days and one year before the date of the filing of the petition, if such creditor, at the time of such transfer—
        (i) was an insider; and
        (ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and
    (5) that enables such creditor to receive more than such creditor would receive if
        (A) the case were
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

debtor's property must have occurred "on or within 90 days before the date of the petition" [§ 547(b)(4)(A)]. The other four requirements are not disputed and need not be discussed. Notwithstanding that its two attachments were entered against the debtor's property on September 23, 1982, five days prior to the filing of the involuntary petition in the Chapter 11 case, the debtor argues that the transfer did not occur within the 90-day period preceding the Chapter 11 case because the attachments are statutory liens whose effectiveness relates back to the commencement of the two state court actions brought against the debtor in June, 1982, beyond the 90-day prepetition period.

If the defendant is correct in its assertion that the attachments are statutory liens, it would be of no significance whether the efficacy of the liens related back to a point beyond the 90-day period prior to the filing of the bankruptcy petition or commenced from some point within the 90-day period. Bankruptcy Code § 547(c)(6) provides that the trustee may not avoid the fixing of any statutory lien that is not avoidable under Code § 545. Therefore, it would have to be determined whether the particular statutory lien would be subject to avoidance under § 545, not whether it arose during the 90-day period prior to the filing of the petition. However, the first issue to be decided is whether the defendant is correct in characterizing its attachments as statutory liens.

### Statutory Lien Argument

Bankruptcy Code § 101(38) defines statutory lien as follows:

(38) "statutory lien" means lien *arising solely by force of a statute* on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, *but does not include* security interest or *judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by statute;* [Emphasis added].

The legislative history explains that a statutory lien is *"only one that arises automatically, and is not based* on an agreement to give a lien or *on judicial action.* Mechanics', materialmen's, and warehousemen's liens are examples." [Emphasis added].

Connecticut Gen.Stats. § 49–33 pertaining to mechanics' liens is an example of a statutory lien that arises automatically in accordance with the statutory language. The statute provides in pertinent part:

§ 49–33. Mechanic's lien. Precedence. Rights of subcontractors.

(a) If any person has a claim for more than ten dollars for materials furnished or services rendered in the construction, raising, removal or repairs of any building or any of its appurtenances or in the improvement of any lot or in the site development or subdivision of any plot of land . . .

(b) *The claim is a lien on the land, building and appurtenances or lot* . . . and the claim takes precedence over any other encumbrance *originating after the commencement of the services, or the furnishing of any such materials. . . .* [Emphasis added].

The lien arises automatically from the point in time that materials were furnished or services rendered. See, *Waterbury Lumber & Coal Co. v. Asterchinsky,* 87 Conn. 316, 87 A. 739 (1913); *In re Reardon,* 10 B.R. 697, 700 (Bkrtcy.D.Conn.1981).

Connecticut Gen.Stats. § 49–34 provides that the mechanic's lien must then be recorded in order for the lien to be valid:

§ 49–34. Certificate of lien to be recorded and notice given to owner.

A mechanic's lien is not valid, unless the person performing the services or furnishing the materials, (1) within sixty days after he has ceased to do so, lodges with the town clerk of the town in which the building, lot or plot of land is situated a certificate in writing, which shall be recorded by the town clerk with deeds of land . . . and (2) within the same time, or prior to the lodging of the certificate but not later than thirty days after lodging the certificate, serves a true and attested copy of the certificate upon the owner of the building, lot or plot of land in the

same manner as is provided for the service of the notice in section 49–35.

However, the recording requirement merely validates the lien that is *already in existence* by virtue of Conn.Gen.Stat. § 49–33. If recorded timely in accordance with the statutory requirements, the lien's efficacy relates back to the time it is deemed to have arisen, i.e., when the services were commenced or materials furnished.

■ In the instant case, two attachments were filed against real property owned by the debtor in accordance with Conn.Gen. Stat. § 52–285, which provides:

§ 52–285. Attachment of real estate.

*Real estate shall be attached by the officer by leaving in the office of the town clerk of the town in which it is situated a certificate that he has made such attachment,* which shall be endorsed by the town clerk with a note of the precise time of its reception and recorded at length in the land records of such town; *and such attachment, if completed as hereinafter provided, shall be considered as made when such certificate has been so lodged.* The certificate shall be signed by such officer, shall describe the land attached with reasonable certainty and shall specify the parties to the suit, the authority issuing the writ, the court to which the process is *returnable* and the amount of damages claimed; and, unless the service is so completed, such estate shall not be held against any other creditor or bona fide purchaser. No such certificate left in the town clerk's office for record shall have the effect of the notice of action pending provided for in section 52–325. [Emphasis added].

It is clear from the language of the statute that the lien on the real estate arises only when a certificate of attachment is properly completed, served and filed in accordance with the statute. The efficacy of the attachment is fixed at the precise time at which the certificate is received by the town clerk. There is nothing in the statutory language which lends support to defendant's argument that an attachment on real estate relates back to the commence-ment of the state court action to which the attachment applies. Hence, it is the act of recording the attachment in the town clerk's office which creates the real estate lien. It does not arise automatically; it is obtained only after judicial action. See, Conn.Gen.Stats. § 52–279. Bankruptcy Code § 101(27) defines judicial lien as one "obtained by judgment, levy, sequestration, *or other legal or equitable process or proceeding.*" The two attachments filed by Emmons & Wilson against the debtor's property were obtained pursuant to a legal proceeding. They did not arise automatically and solely by force of statute. Therefore, the attachments are judicial liens.

■ Since the two attachments are not statutory liens, the defendant can find little comfort in Code § 547(c)(6), which protects statutory liens that are not avoidable under Code § 545 from a trustee's preference avoiding powers under § 547(b). Furthermore, it serves no purpose to pursue a discussion of the defendant's asserted relation back theory under Bankruptcy Code § 546(b) because that section of the Code is concerned with the perfection of liens vis-a-vis the trustee's avoiding powers under Code § 544, § 545 or § 549. Section 546(b) provides that creditors who have the right to perfect their liens under applicable non-bankruptcy law as of the date of the petition, prevail over the trustee only if they have perfected their interest in accordance with applicable law, and the perfection relates back to a date that falls before the commencement of the bankruptcy case. However, this case involves the trustee's avoiding powers under Code § 547(b), which are not addressed in Code § 546(b). Moreover, this court has determined that the attachments in question are not statutory liens, and hence, can not enjoy the benefit of protection from the trustee's preference avoiding powers as prescribed in § 547(c)(6) and § 545. Thus, the asserted relation back theory covered in Code § 546(b) which concerns only the trustee's § 544, § 545 and § 549 avoiding powers, lends no support for defending against the trustee's preference action brought pursuant to Code § 547(b). By recording the two

attachments on September 23, 1982, the defendant received a transfer of interests in the debtor's property in contravention of Code § 547(b). Accordingly, the trustee's complaint to avoid the two attachments as preferential transfers of the debtor's property is granted.

## CONCLUSIONS OF LAW

1. The two attachments recorded by defendant Emmons & Wilson, Inc. against the debtor's property are not statutory liens.

2. The perfection of the attachments pursuant to Connecticut Gen.Stats. § 52–285 was effective as of the time the certificates of attachment were recorded in the town clerk's office, on September 23, 1982.

3. The recording of these two liens within the 90-day period prior to the filing of the bankruptcy petition constituted preferential transfers of interests in the debtor's property which may be avoided by the trustee in accordance with Code § 547(b).

Submit order on notice.