**In re Darryl Lamont INGE and Allison Angela Inge, Debtors.**

**Bankruptcy No. 192–18082–352.**

United States Bankruptcy Court,
E.D. New York.

Sept. 1, 1993.

Jacoby & Meyers, Brooklyn, NY, for debtors.

Ballon Stoll Bader & Nadler, P.C., New York City, for Federal Home Loan Mortg. Corp.

Angela Tese, Pryor, Cashman, Sherman & Flynn, New York City (Chapter 7 Trustee).

### *MEMORANDUM DECISION*

MARVIN A. HOLLAND, Bankruptcy Judge.

Secured creditor, Federal Home Loan Mortgage Corporation, has settled a proposed order upon the debtors pursuant to Chambers Rule of Procedure 18, Local Rule 23, and 11 U.S.C. § 102(1). The proposed order would grant relief from the effect of the automatic stay and contains the following provision: "**ORDERED** that Federal Home Mortgage Corporation be awarded reasonable attorneys' fees and costs in the amount of $663.75 ..."

The motion annexed thereto seeks four items of relief, among them the following: "(C) For attorneys' fees and costs of $663.75 for suit, incurred herein."

Attached to the moving papers is a copy of the note and the mortgage that secures it. The note contains the following provision: "IF THE NOTE HOLDER HAS REQUIRED ME TO PAY IMMEDIATELY IN FULL AS DESCRIBED ABOVE, THE NOTE HOLDER WILL HAVE THE RIGHT TO BE PAID BACK BY ME FOR ALL OF ITS COSTS AND EXPENSES IN ENFORCING THIS NOTE TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW. THOSE EXPENSES INCLUDE, FOR EXAMPLE, REASONABLE ATTORNEYS' FEES." The mortgage which secures this note contains no similar provision.

For three separate reasons, the application of the secured creditor, and the proposed order referred to above, seek relief to which the secured creditor has not clearly established entitlement: this court's award of, and the enforcement of, attorneys' fees as the personal obligation of the debtors.

First, the note is explicit in its terms and requires the noteholder to accelerate the note and make demand for payment prior to becoming entitled to the payment of attorneys' fees. No such acceleration and demand are alleged in the moving papers.

Second, this court does not enforce notes and mortgages. At best, this court has limited jurisdiction only to vacate the stay to permit enforcement of these obligations in state court. The rights given to the secured creditor at the time of the execution of the mortgage loan transaction give the creditor many rights, among which may be, in limited circumstances, an entitlement to attorneys' fees. But just as the right to foreclose the mortgage and have the property sold flows from the mortgage documents, so too does the limited right to attorneys' fees. A proceeding to vacate the stay is not *per se* a proceeding to enforce the mortgage. Therefore, upon a mere application to vacate the stay, this court is no more entitled to award attorneys' fees contained in mortgage documents, than it would be to order a foreclosure sale.

Third, the right to attorneys' fees appears only in the note. The obligations in the note are the personal obligations of the debtors, and thus are subject to discharge in this case. The mortgage lien will, of course, survive such discharge and that mortgage lien will, when the stay is vacated or otherwise terminated, be enforced in the foreclosure court in an *in rem* proceeding. However, enforcement of the lien creates no personal obligation on behalf of the debtors, and nowhere in the lien instrument is there an entitlement to attorneys' fees.

The secured creditor appears to be attempting to take a dischargeable obligation contained in the debtors' note, which obligation is subject to a condition precedent not yet satisfied, and to turn that dischargeable obligation into a post-petition and therefore nondischargeable obligation of the debtors.

Therefore, a hearing will be held before the undersigned at the U.S. Bankruptcy Court, 75 Clinton Street, Fourth Floor, Courtroom 3, Brooklyn, New York on the twenty-ninth day of September, 1993 at eleven o'clock in the forenoon of that day in order to consider an appropriate disposition of the secured creditor's application to vacate the stay. Pending such hearing, the stay is continued. The attorneys for the secured creditor are directed to appear.