CITIBANK, N.A., Plaintiff,

v.

James F. McGUIRL, et al., Defendants.

No. 94 Civ. 8481 (DAB).

United States District Court,
S.D. New York.

June 8, 1995.

James F. McGuirl, Washington, DC, pro se.

Todd B. Marcus, Bachner, Tally, Polevoy & Misher, New York City, for defendants.

*Memorandum and Order*

BATTS, District Judge.

Plaintiff, Citibank, N.A., filed this action in New York state court to foreclose a mortgage on a condominium apartment unit in New York City. Defendants James F. and Marlene C. McGuirl, two of five defendants, removed the action to this Court and seek summary judgment. Plaintiff, on the other hand, seeks rejection of the motion for summary judgement as improper, and, either remand to the state court, or a determination of Citibank's unopposed motion to dismiss two notices of appeal filed by the McGuirls in state court. For the reasons set forth below, defendant's motion for summary judgment is stricken, and the case is remanded to the New York Supreme Court, Appellate Division, First Department, from which it was removed.

## BACKGROUND

In 1987, James F. and Marlene C. McGuirl signed a mortgage loan note (the Note) payable to Citibank in the amount of $360,000, plus interest as provided therein; as collateral security for the Note, a mortgage of the property at 900 Park Avenue, Unit 3B, New York, New York (the premises), was executed concomitantly by the McGuirls in favor of Citibank. The McGuirls defaulted on the Note in 1989, and certain of the McGuirls' creditors placed them in involuntary bankruptcy in March of 1990, pursuant to Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the District of Columbia.

On August 27, 1990, the bankruptcy judge overseeing the action approved a Consent Order signed by the bankruptcy trustee, counsel for the McGuirls, and Citibank; the Consent Order provided the trustee ninety

days to attempt to sell the premises, and further provided that should an appropriate contract of sale not be accomplished in the time allotted, the bankruptcy stay would be lifted to allow Citibank to foreclose on the premises.

No sale was consummated within the contemplated ninety day period, and, over a year later, in October 1991, Citibank filed this action in the Supreme Court of New York County to foreclose on the premises. The McGuirls were duly served at that time, failed to appear, and, in fact, defaulted in 1991.

A judgement of foreclosure and sale was entered on July 22, 1993 by the New York state court, followed by a sale at public auction on August 23, 1993, at which sale the highest bidder was the plaintiff Citibank, with a bid of $225,000. Citibank took title to the property on November 12, 1993.

In December, 1993, Citibank moved to confirm the referee's report of the foreclosure sale as required under state law, at which time the McGuirls chose to oppose Citibank's motion. Over the McGuirls' opposition, Justice Carol H. Arber of the New York County Supreme Court confirmed the referee's report of sale on March 17, 1994, and the McGuirls subsequently moved for reargument. The motion for reargument was denied by Order dated June 30, 1994, but was followed by a second motion for reargument, which was *sub judice* when this action was removed. In August 1994, the McGuirls filed notices of appeal from the Orders of the Supreme Court dated March 17, 1994 and June 30, 1994.

Finally, in November, 1994, the McGuirls filed a removal petition with this Court, followed by a motion for summary judgment in February, 1995. On March 16, 1995, the Honorable Lewis A. Kaplan [1] ordered defendants to show cause why the motion for summary judgment should not be dismissed and the action either remanded to state court or Citibank's motions to dismiss the appeals that were pending before the state appellate court granted.

## DISCUSSION

### I. Subject Matter Jurisdiction

■ The McGuirls' objection to the underlying proceedings appear quite singular: they argue that because they were subject to bankruptcy protection both at the time of commencement of this action and currently, the bankruptcy trustee was the proper party defendant with respect to foreclosure of the premises. The McGuirls support this claim by arguing that only by abandoning the premises to the debtors could the debtors become the proper defendants. Likewise, they argue that the premises were never "abandoned" by the trustee to the debtors.[2]

On the basis of this objection and the abandonment argument posited, the McGuirls argue for federal question jurisdiction in this Court, and allege that the New York state court made errors with respect to the federal bankruptcy law of abandonment. A brief review of New York law demonstrates that the result of the underlying action (a simple foreclosure) is unaffected by the answer to the McGuirls' bankruptcy ar-

---

1. When filed, this case was randomly assigned to this Court for handling. Subsequently, it was randomly reassigned to Judge Kaplan as part of the plan for distribution of cases among the judges of the Southern District of New York. After signing the Order to Show Cause, Judge Kaplan recused himself and the case was returned to this Court for further proceedings.

2. Abandonment is a term of art in bankruptcy law; 11 U.S.C. § 554 provides:

(a) After notice and a hearing, the trustee may abandon any property of the [bankruptcy] estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

(c) Unless the court orders otherwise, any property scheduled under section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title.

(d) Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate.

11 U.S.C. § 554.

gument; hence, the federal question suggested by the McGuirls is not at issue in this case. Accordingly, this argument is fruitless for the McGuirls and does not provide subject matter jurisdiction for this Court.

New York law provides that when a necessary party is omitted from a foreclosure action, that party's rights are "unaffected by the judgment of foreclosure and sale." *Polish Nat. Alliance v. White Eagle,* 98 A.D.2d 400, 470 N.Y.S.2d 642, 648 (2 Dept.1983). In such circumstances, New York law neither mandates dismissal of the action nor invalidates the judgment and sale in its entirety. *Id.* Therefore, even assuming that the bankruptcy trustee is the true "owner" of the property—and accordingly the "proper" defendant for foreclosure—because the property has not been abandoned to the debtors, the judgment of foreclosure of the New York state court is unaffected as to the McGuirls. Hence, whether the McGuirls do in fact have any ownership interest, or whether another has superior interest—which is the essence of the McGuirls' debate regarding abandonment—is of no moment: the foreclosure action against the McGuirls is sufficient to foreclose any ownership interest *they* hold in the property. N.Y.Real Prop.Acts. Law § 1353 (McKinney 1979); *Polish Nat. Alliance v. White Eagle,* 470 N.Y.S.2d, at 648. It necessarily follows that, in the context of *this* action between *these* parties, the abandonment issue is irrelevant and there is no federal question that needs to be resolved. Therefore, this claim for subject matter jurisdiction must fail.

The McGuirls raise, in various papers, objections to Citibank's obtaining a deficiency judgement against them. This is not, however, an attempt to enforce a deficiency judgment against a bankrupt. Furthermore, Citibank specifically denies any attempt to obtain a deficiency judgment against the McGuirls. Thus, because a plea of bankruptcy could be interposed to any such attempt, and because Citibank has denied any intent to obtain a deficiency judgment, this objection is a meritless distraction as far as the underlying foreclosure action and its removal are concerned. The mere hypothesis of a deficiency judgment is patently insufficient to establish federal question jurisdiction for this court.

Where the court is without subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Accordingly, because this court is without subject matter jurisdiction over the present action, it is ordered remanded.

## II. Timeliness

Not only does this court lack subject matter jurisdiction, but the removal was untimely, and thus must be remanded. In October 1991, this action was commenced in New York state court, with service upon the defendants. The defendants defaulted, and the property was foreclosed and sold. Now, over three years later, defendants seek to litigate *ab initio* the propriety of foreclosure by way of removal to the federal court. This cannot be conscienced, especially in an egregious case like this where the removal occurs at a point when the state court action was undergoing review at the *appellate level.* Accordingly, the petition for removal is untimely pursuant to 28 U.S.C. § 1446(b), and the action must be, and hereby is, remanded.

\* \* \*

The clerk of the court is ordered to REMAND this action to the New York Supreme Court, Appellate Division, First Department.

SO ORDERED.