Marie DREW, Plaintiff,

v.

CHASE MANHATTAN BANK,
N.A., Defendant.

No. 95 Civ. 3133 (JGK).

United States District Court,
S.D. New York.

July 26, 1995.

**140**

Marie Drew, Bronx, NY, pro se.

Paul Bugoni, Douglas Dominianni, Shapiro & Kreisman, New York City, for defendant.

## OPINION AND ORDER

KOELTL, District Judge:

The plaintiff, Marie Drew, has brought this action alleging that the foreclosure action instituted in state court by the defendant, Chase Manhattan Bank, N.A. ("Chase") violates a discharge in bankruptcy that she received in 1980. She has made numerous applications in state trial and appellate courts, and in the bankruptcy court, all in an apparent effort to avoid foreclosure; all of them have been unsuccessful. The plaintiff now has brought a motion for a preliminary injunction in this Court by order to show cause dated May 5, 1995 seeking to enjoin the foreclosure sale. Chase agreed to stay

the foreclosure sale pending a decision on the motion for a preliminary injunction.

### I.

This case has had a long and involved history. The plaintiff signed a mortgage note on her property located at 636 Commonwealth Avenue in the Bronx on February 16, 1970 in the amount of $20,000. On September 7, 1978, the plaintiff filed a bankruptcy petition in the Southern District of New York; she received a discharge on August 4, 1980. The case was closed on March 27, 1981.

Chase instituted a foreclosure action in New York State Supreme Court, Bronx County, in December, 1980. It obtained a judgment of foreclosure and sale on February 3, 1983 and subsequently, the parties worked out a stipulation under which the plaintiff was to make monthly payments both to pay back arrears and to make current payments. The stipulation purports to have been signed by the parties in March and April of 1984. The stipulation provides that if the plaintiff fails to make two consecutive current mortgage payments or arrears payments, Chase can proceed with the foreclosure sale. The plaintiff alleges that this stipulation violated her discharge but that argument is not the basis for her present motion before the Court because the plaintiff argues that she fully complied with the stipulation and fulfilled her payment obligations.

Chase instituted another foreclosure action, which is still pending, in New York State Supreme Court, Bronx County, on January 15, 1991, claiming that the plaintiff failed to fulfill her obligations under the stipulation. In that action, in which the plaintiff is represented by counsel, Chase obtained summary judgment and a referee was appointed on December 13, 1991. Following a hearing on September 10, 1992, the referee issued a report on October 22, 1992 which found that the plaintiff owed Chase $14,297.05.[1] Chase obtained a judgment of foreclosure and sale dated February 19, 1993. The sale has been scheduled for various

---

1. In this hearing, which lasted for over three hours, the plaintiff raised all of her arguments with respect to her claim that she had fulfilled her payment obligations under the stipulation. The referee heard testimony from both the plaintiff and a Chase employee.

dates since that time; however, each time, the sale has been postponed because the plaintiff either has filed for bankruptcy and obtained a stay or has filed motions that otherwise have put off the sale. The plaintiff has twice filed petitions for bankruptcy under Chapter 13 and both have been dismissed. She unsuccessfully sought an order from the New York State Supreme Court, New York County, vacating the judgment of foreclosure and sale, which was denied by Justice Silver in an order dated November 9, 1994 and filed November 25, 1994. She then sought an order from the Appellate Division, First Department, staying execution of the order, which was denied except that the plaintiff was permitted to proceed with her appeal on the original record. That appeal is still pending. Chase presently seeks to proceed with the foreclosure sale. In the plaintiff's complaint, she alleges that the foreclosure violates the bankruptcy laws and seeks to stay the foreclosure sale.

## II.

■ In order to obtain a preliminary injunction, a plaintiff must demonstrate irreparable harm and either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly in favor of the party requesting the preliminary injunction. *Waldman Publishing Corp. v. Landoll, Inc.*, 43 F.3d 775, 779–80 (2d Cir. 1994) (citing, *inter alia*, *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir.1979)); *Blum v. Schlegel*, 18 F.3d 1005, 1010 (2d Cir.1994) (same). The plain-

**2.** While the parties disagree with respect to whether this Court has jurisdiction, it is clear that the plaintiff's complaint asserts claims that arise under the bankruptcy laws. As such, this Court, like the bankruptcy court, has jurisdiction over this case. *See* 28 U.S.C. §§ 1331, 1334.

**3.** The plaintiff has raised all of her claims under the current Bankruptcy Code, citing recent cases in support of her various arguments; these are the arguments that were presented in the papers and at oral argument and these are the arguments to which the defendant has responded. However, when the plaintiff filed for bankruptcy in 1978, the Bankruptcy Act of 1898 ("Bankruptcy Act") was in effect. The Bankruptcy Reform

tiff has failed to make the necessary showing to justify granting her motion for a preliminary injunction.

## III.

■ While the plaintiff clearly has demonstrated irreparable harm by virtue of the fact that the house in which she lives may be sold, the plaintiff cannot satisfy the second prong of the appropriate test for a preliminary injunction. Specifically, the plaintiff has not demonstrated either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation, along with a balance of the hardships tipping decidedly in her favor.[2]

■ The plaintiff claims that the foreclosure action violates the bankruptcy laws, citing to various statutory provisions including 11 U.S.C. § 524.[3] Section 524 provides, in pertinent part:

A discharge in a case under this title ... operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a *personal liability of the debtor*, whether or not discharge of such debt is waived....

11 U.S.C. § 524(a)(2) (emphasis added). The injunction imposed by Section 524 prohibits a creditor from initiating an action that seeks to determine the debtor's personal liability for a debt discharged in a bankruptcy case. *In re Hagemann*, 86 B.R. 125, 126 (Bankr. N.D.Ohio 1988) (citing 3 Collier on Bankruptcy ¶ 524.01 at 524–4 (15th ed. 1988)).

■ The plaintiff has not demonstrated that she is likely to succeed on her claim or

Act of 1978 ("Bankruptcy Code"), which is currently codified as subsequently amended in Title 11 of the United States Code, became effective on October 1, 1979. *See In re United Merchants and Mfrs., Inc.*, 674 F.2d 134, 136 n. 1 (2d Cir.1982) (where bankruptcy petitions are filed before October 1, 1979, the Bankruptcy Act governs). Under the Bankruptcy Act, Section 14 provided the circumstances in which a discharge is appropriate. As the historical and statutory notes to 11 U.S.C. § 524 indicate, Section 524 expands the protection provided by Section 14(f). However, even under the Bankruptcy Code, as it exists today, the plaintiff cannot make a sufficient showing to justify a preliminary injunction.

even that she has raised serious questions going to the merits of her claim. The foreclosure action does not violate the discharge that the plaintiff received.[4] While a mortgage note represents a personal obligation of the mortgagor, the mortgage is merely security for such obligation. *Wyoming County Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 480, 430 N.Y.S.2d 900, 902 (4th Dep't 1980) (citation omitted). And, while the personal obligation is discharged in bankruptcy, a valid mortgage lien survives the bankruptcy. *See, e.g., In re Inge,* 158 B.R. 326, 328 (Bankr.E.D.N.Y.1993) (mortgage lien survives a discharge); *see also In re Reyes,* 59 B.R. 301, 302 (Bankr.S.D.Cal.1986) (in a foreclosure proceeding following a discharge, the mortgagee's only recourse is to the collateral); *In re Endlich,* 47 B.R. 802, 805 (Bankr. E.D.N.Y.1985) ("A discharge affects and voids only the personal liability of a debtor with respect to a debt. However, a valid lien which has not been avoided in the pre-discharge period of a bankruptcy proceeding survives the bankruptcy unaltered.").[5] Where there is a valid mortgage, the commencement of a bankruptcy case does not void the mortgage; rather, in accordance with 11 U.S.C. § 362, it stays any action to foreclose on the mortgage. *In re Kodo Properties, Inc.,* 63 B.R. 588, 590 (Bankr. E.D.N.Y.1986).[6]

■ When the Section 362 stay is vacated or otherwise terminated, a foreclosure action in which the mortgagee does not seek a deficiency judgment properly may be brought without violating the terms of the debtor's discharge. *See, e.g., Citibank v. McGuirl,* 888 F.Supp. 39, 41 (S.D.N.Y.1995) (Batts, J.) (noting that if the mortgagee attempted to enforce a deficiency judgment against the debtors, "a plea of bankruptcy could be interposed"). As the Supreme Court explained in *Johnson v. Home State Bank,* 501 U.S. 78, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991):

> A mortgage is an interest in real property that secures a creditor's right to repayment. But unless the debtor and creditor have provided otherwise, the creditor ordinarily is not limited to foreclosure on the mortgaged property should the debtor default on his obligation; rather, the creditor may in addition sue to establish the debtor's in personam liability for any deficiency on the debt and may enforce any judgment against the debtor's assets generally. A defaulting debtor can protect himself from personal liability by obtaining a discharge in a Chapter 7 liquidation. However, such a discharge extinguishes only 'the personal liability of the debtor.' ... [T]he Code provides that a creditor's right to foreclose on the mortgage survives or passes through the bankruptcy.

*Id.* at 82–83, 111 S.Ct. at 2153 (citations omitted); *see also In re Weathers,* 15 B.R. 945, 951 (Bankr.D.Kan.1981) ("This Court finds that the [Bankruptcy] Code was not designed to give debtors a head start by forever immunizing their encumbered property from in rem actions. If such a head start were intended, then it would behoove every homeowner or automobile owner to file a bankruptcy petition.").

■ Here, Chase does not seek a deficiency judgment from the plaintiff. It seeks only to sell the property subject to the mortgage at a foreclosure sale. Conceding that a secured creditor is not prevented from enforcing a valid lien on mortgaged property to the extent of the lien, the plaintiff argues that Chase did not have a valid lien at the time she filed for bankruptcy.

The plaintiff relies on *In re Minton Group,* 28 B.R. 789 (Bankr.S.D.N.Y.1983), but that case involved the proper procedures for pre-

---

4. It is significant that the plaintiff came to this Court in an effort to avoid foreclosure only after twice seeking protection from foreclosure, unsuccessfully, in the bankruptcy court by filing Chapter 13 petitions which were dismissed.

5. Cases decided under the Bankruptcy Act of 1898 consistently recognized that liens and in rem rights survived discharge. *In re Weathers,* 15 B.R. 945, 947 n. 3 (Bankr.D.Kan.1981).

6. 11 U.S.C. § 362 provides for an automatic stay upon the commencement of a bankruptcy case against any entity seeking to create, perfect or enforce any lien against property of the estate or property of the debtor to the extent such lien secures a claim that arose before the commencement of the case. *See* 11 U.S.C. § 362.

judgment attachments under Connecticut law, and whether certain attachments were preferences that could be avoided by the bankruptcy trustee. That case did not, in any way, involve or relate to mortgages under New York law.

Here, the record demonstrates that Chase recorded its mortgage on February 19, 1970.[7] And, courts consistently have recognized the validity of mortgages that are properly recorded. *See, e.g., Singer v. Livoti,* 741 F.Supp. 1040, 1050 (S.D.N.Y.1990) (Brieant, J.) (noting that failing to record a mortgage prevents perfection of the lien); *In re Cohen,* 63 B.R. 104, 106–07 (Bankr.E.D.N.Y.1986) (mortgage recorded in compliance with New York Real Property Law § 291 is superior to claims of subsequent judgment creditors); *see also In re Foreclosure of Tax Liens by the County of Erie,* 103 A.D.2d 636, 637, 481 N.Y.S.2d 547, 549 (4th Dep't 1984) ("Upon the execution of a mortgage, the mortgagee acquires a lien on the owner's property as well as his personal obligation to repay the debt secured. This security generally has priority over all subsequent claims or liens.").

■ If Chase were seeking to execute a deficiency judgment against the plaintiff, the Court would be presented with the different issue of whether such a debt was discharged in bankruptcy. Here, however, where the defendant seeks to foreclose on a mortgage, a secured debt that existed prior to the plaintiff's bankruptcy filing, the plaintiff has not demonstrated either a likelihood of success on the merits or sufficiently serious questions going to the merits making them a fair

ground for litigation, along with the balance of the hardships tipping decidedly in her favor. Therefore, the plaintiff's motion for a preliminary injunction must be denied.[8]

**SO ORDERED.**[9]

---

7. While the plaintiff contends that the record that purports to have been made in Bronx County is false, and that the mortgage actually was recorded in the City of New York Department of Finance, she has not substantiated this claim in any way.

8. The other issues that the plaintiff raises, such as the alleged invalidity of the stipulation and the allegations that the defendant has obtained two different judgments based on the same mortgage, have been raised previously, both in the state court and in the context of the plaintiff's various filings in the bankruptcy court. The plaintiff has not demonstrated a likelihood of success on those claims as a basis to enjoin the foreclosure. Moreover, in view of the fact that there have been previous judgments on the merits, and in

view of the pendency of an appeal in the Appellate Division, First Department, which raises the same issues, it would be inappropriate for this Court to review these issues. *See, e.g., In re deKleinman,* 136 B.R. 74, 78 (Bankr.S.D.N.Y. 1992) ("Bankruptcy proceedings simply cannot be used to relitigate issues already decided in a court of competent jurisdiction.").

9. Following the entry of this order and prior to the foreclosure sale, there will be sufficient time in which the plaintiff can take any appropriate appeals because Chase will be required to make the necessary preparations for any foreclosure sale. This also will provide the parties with the opportunity to continue their discussions with respect to whether they can resolve the dispute between them.